May Term, 1857.

AUSTIN
v.
SWANK.

<hr />

## AUSTIN and Another *v.* SWANK.

Suit to recover the value of property taken and sold. Answer, that the goods were taken and sold by virtue of an execution, &c. Reply, that a previous execution issued upon the same judgment, by the same justice, had been levied upon the same property; that plaintiff had claimed it as exempt from execution, whereupon it was appraised and set off to him, according to the statute relative to householders, &c.; that the appraisement, schedule, &c., had been returned to the justice, &c.; that he was still a householder claiming the property; and that an execution was taken out, and the property fraudulently levied on and sold, during his temporary absence from home, &c. *Held*, sufficient on demurrer.

It was argued that this reply was deficient in not averring that the judgment was entitled to the benefit of the law of 1852; but *held*, that, if that aver-

ment was necessary, it was made argumentatively, which was sufficient upon a general objection.

Upon a question whether the plaintiff was a resident householder—the execution having been levied in his absence—*held*, that his declarations, at the time he left home, as to his intentions in leaving, might be given in evidence.

As the record in this case does not purport to contain all the evidence, this Court cannot say that the admission in evidence of the former execution, levy, claim of exemption, appraisement, &c., was error.

The evidence as to the plaintiff being a householder having been passed upon by the jury under proper instructions, this Court cannot say that the refusal of the Court below to set aside their finding was error.

The defendant could not be permitted to prove that the plaintiff had other property than that levied upon, subject to execution.

*Wednesday,*
*May 27.*

APPEAL from the *Henry* Court of Common Pleas.

PERKINS, J.—*Swank* sued *Austin* and *Collins*, to recover the value of certain property taken and sold by the latter. They answered that the goods were taken and sold by virtue of an execution in favor of *Austin* against *Swank*, the sale being by *Collins* as constable.

*Swank* replied that a previous execution had issued upon the same judgment and from the same justice; that it had been levied upon the same property, and that he had claimed it as exempt from execution, whereupon it had been appraised and set off to him according to the statute relative to householders, &c., as so exempt; that the appraisement, schedule of the property, &c., had been returned to the justice, &c.; and that he was still a householder, claiming the property; that an execution was taken out, and the property fraudulently levied on and sold, during his temporary absence from home, &c.

A demurrer to this replication was overruled. The cause was submitted to a jury who returned a verdict for the plaintiff. Judgment on the verdict.

It is contended that the Court below erred—

1. In overruling the demurrer to the reply. It is claimed that the reply was defective in not averring that the judgment on which the execution issued was entitled to the benefit of the law of 1852. If it was necessary that the reply should contain that averment, we may say that it did so, in an argumentative form, which was sufficient upon a general

objection. It averred that property, on a former execution, had been claimed and allowed under that law.

2. It became a question upon the trial whether the plaintiff was a resident householder. The execution in question was levied in his absence. The declarations of the plaintiff, at the time he left home, as to his intention in leaving, were given in evidence. This was right. They were a part of the *res gestæ.*

3. The Court permitted the plaintiff to give in evidence the execution (issued about a year prior to that involved in the present suit), levy, claim of the property as exempt from execution, its appraisement and relinquishment to the plaintiff under that execution. The execution was issued upon the same judgment, by the same justice, and the property claimed and allowed, was the same, as in the present suit.

We cannot say that the evidence was not properly admitted. As the record does not purport to contain all the evidence, we cannot say with what other it was connected, which might have rendered it important. The execution in this case, as we have seen, was levied in the absence of the execution-defendant. He was not present to claim the property levied on, pursuant to the statute. But if he could prove that he had claimed this very property on a previous execution—that it had been set off to him—that the constable who levied the execution now in question, and the execution-plaintiff knew it, and that they took the occasion of his absence to seize the property, &c.,—it would have answered the purpose of a claim upon this execution. We do not mean to say that he was bound to show these facts, or any claim, even, upon this second execution. But we say, if he did show such, it made the case very clear for him.

4. The evidence as to the plaintiff being a householder, was passed upon by the jury under proper instructions from the Court. The Court below refused to set aside their finding, and we cannot say there was error in so doing.

5. The defendants in this suit offered to prove on the

# 112      CASES IN THE SUPREME COURT

<div style="margin-left:2em;">

May Term, 1857.

</div>

trial, that the plaintiff, whose property had been levied on, had other property than that levied on, subject to execution. The Court refused to hear the proof.

If the statute simply exempted from execution 300 dollars worth of property of some kind, without regard to the choice of the debtor, such evidence as that offered would be legitimate in this class of cases. But the statute exempts out of the debtor's property, 300 dollars worth to be selected by him. And when that selection has been made, the officer must look to such other property as the debtor may possess; and he cannot justify himself in the sale of the selected property, on the ground that the debtor had other property. If, then, in this case, as we will presume in favor of the ruling of the Court, the execution-defendant proved that he had selected the property sold, and that the constable and execution-plaintiff had notice of it, and unfairly seized and sold it in his absence, it would be no defense that the execution-defendant had other property.

We see no error in the case that can reverse it.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*E. B. Martindale*, *E. Johnson*, and *J. Smith*, for the appellants (1).

*J. T. Elliott* and *W. Grose*, for the appellee.

