GREEN *v.* AKER.

11 223
146 592

Action to recover possession of personal property commenced before a justice of the peace. Affidavit in substance as follows: That the plaintiff was a resident householder, and absolute owner and entitled to possession of the property, describing it; that defendant, a constable, by virtue of an execution against the property of plaintiff, levied upon said property, &c.; that plaintiff had not 300 dollars' worth of personal property; that he claimed that said property was exempt, &c., and so informed the constable; that he demanded that his property be valued, and set off to him; that he selected an appraiser, and notified defendant thereof; that defendant refused to set off said property; whereupon the plaintiff demanded said property. *Held,* insufficient, under § 71 of the justices' act, 2 R. S. p. 464.

In actions for the recovery of personal property, justices of the peace must pursue and be governed by that act.

Section 71, *supra,* is not in conflict with § 22, art. 1, of the constitution.

That section of the constitution is not self-executing.

APPEAL from the *Randolph* Circuit Court.

Friday,
December 3.

HANNA, J.—This was an action to recover the possession of personal property, commenced by *Aker* before a justice of the peace, before whom a motion was made by the defendant to dismiss the cause for want of a sufficient affidavit. The motion was sustained, and the cause dismissed. The plaintiff appealed, and in the Circuit Court the defendant again moved to dismiss for the same reason. Pending the motion, the plaintiff obtained leave and filed an amended or additional affidavit, whereupon the motion to dismiss was overruled, to which the defendant excepted.

This presents the first question. The last affidavit filed, states that the plaintiff was a resident householder of that county; that he was the absolute owner, and entitled to the possession of the property, describing it; that the defendant, a constable, by virtue of an execution against the property of the plaintiff, issued, &c., upon, &c., levied upon said property, of the value of 40 dollars, and took it out of the possession of the plaintiff; that the plaintiff had not 300 dollars' worth of personal property, and he claimed that said property was and is exempt from execution, and he so informed the constable, and demanded that his property be valued and set off to him; and that he selected an

appraiser, and notified said defendant thereof, who refused to set off said property; whereupon the plaintiff demanded said property, &c. The affidavit filed before the justice was in substance the same. There was a complaint in the usual form.

By § 22, art. 1, of the constitution of *Indiana*, it is provided that "the privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws," &c. 1 R. S. p. 45. In pursuance of this provision, a statute was enacted (2 R. S. p. 337), declaring that "an amount of property not exceeding in value 300 dollars, owned by any resident householder, shall not be liable to sale on execution, &c., for any debt growing out of or founded upon a contract, express or implied, after," &c. An act was passed to "revise, &c., the rules, practice, pleadings, &c., in civil cases in the Courts of this state," &c. This was approved *June* 18, 1852 (2 R. S. p. 27), and contains, among other things, an article upon the "claim and delivery of personal property," by which it is provided (§ 129) that the claimant of such property, &c., must make an affidavit, showing, among other matters, that the same has not been "seized under an execution, &c., against the property of the plaintiff, or if so seized, that it is by statute exempt from such seizure." There is another statute, approved *June* 9, 1852, providing for the election, &c., of justices of the peace, and defining their jurisdiction, &c., by § 71 of which it is provided, among other things, that in a proceeding before a justice to recover personal property, the affidavit of the plaintiff must state "that the same has not been taken by virtue of any execution or other writ against him." 2 R. S. p. 464.

The appellant insists that the statute last referred to, should be strictly followed in proceedings before justices to recover personal property; and that the other statute has application only to such proceedings in the Common Pleas and Circuit Courts.

If the act approved *June* 18, applies as well to the proceedings for the recovery of property in a justice's Court as to those of a like character in other Courts, then the

position assumed by the appellant cannot be maintained; for this, being the last expressed will of the law-making power upon that subject, must prevail over that of an earlier date, to-wit, *June* 9.

We are of opinion that in actions for the recovery of personal property, a justice of the peace must pursue, and be governed by, the act of *June* 9. It plainly points out the mode of proceeding by the claimant and the justice; and although its provisions are not as ample as those of the act of *June* 18, for the protection of an execution-defendant who may desire to claim the privilege of the exemption law; yet that is no reason for holding the law itself a nullity, although it may be, and doubtless is, a good argument in favor of amending it.

We are fortified in this conclusion by § 75 of the said act of *June* 9, which is, that, "in all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of Circuit Courts," &c. As the mode of proceeding to recover possession of personal property is therein provided for, although that provision is lame, as compared with another act, we must be controlled by it.

It is argued that the act of *June* 9 is, in this particular, in conflict with the provision of the constitution above quoted. We do not think so. The section of the constitution is not self-executing. It requires the action of the law-making power to give it active vitality, in pursuance of which, the statute of exemption above referred to was adopted. That may or may not be ample enough to meet the requirements of this section of the constitution—with that we have nothing to do. It gives the debtor the right to make his claim, in a designated manner, to a certain amount of property; and whether it is sufficiently guarded in reference to the duties of the officers of the law, is not a question for us to determine.

But it is insisted that the affidavit is insufficient, even admitting that an action can be maintained by an execution-defendant for the property, &c., in this, that it does

not allege that the judgment upon which the execution issued was upon a "debt growing out of, or founded upon, a contract," &c. Without deciding whether it was necessary that it should have contained such averment, we think that it is so averred, as directly as in the case of *Austin* v. *Swank*, 9 Ind. R. 110, where an argumentative statement was held sufficient.

The case was tried by the Court, upon an agreement that the statements in the affidavit were true, "except that the defendant was possessed of 250 dollars' worth of personal property, and 100 dollars of promissory notes."

It is argued that upon a claim made by an execution-defendant that property levied on is exempt, he should surrender to the officer other property, if he has it, subject to execution; and therefore, if the defendant in this case had so done, there would have been property, to the value of that levied upon, which ought to have been given up on the execution. We do not think such is the proper construction of the statute, and of the rights and duties of parties and officers under it. It is, perhaps, the duty of the officer to levy upon such property as he may know to be that of the defendant. 9 Ind. R. 198. It is then a right which the defendant has, and can exercise or not, to claim it as exempt.—*Ibid*. That he might have had more than 300 dollars' worth of property, over and above that levied on, would not devolve upon him the obligation to surrender or give up, upon such execution, the same or any part of it, as a condition precedent to his claim under the exemption act.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. A. Peelle*, for the appellant.

*S. Colgrove*, for the appellee.