*O. B. Hord* and *C. Ewing,* for appellant.

---

# HALL and ANOTHER *v.* HOUGH.

24  273
146  597

INJUNCTION.—PRACTICE.—Where a restraining order has been granted upon a complaint duly verified by affidavit, and an amended complaint is afterward filed, the objection that the latter is not supported by affidavit cannot be raised by demurrer.

EXEMPTION.—Where property is claimed by an execution debtor as exempt from sale under executions then in the hands of the sheriff, and is set off to him as exempt, it is relieved from the lien of the executions.

APPEAL from the *Wells* Circuit Court.

ABSTRACT.

Complaint by the appellee for an injunction, setting up in substance the following facts : That on the 21st day of *October,* 1856, *Boswell C. Benedict* and others obtained judgment in the *Wells* Common Pleas Court, against *George McDowell* and others, for the sum of $166 83, and that *Aduah Hall,* the appellant, entered himself replevin bail on said judgment; that afterward, to-wit: on the 15th day of *October,* 1859, the said judgment and costs were fully paid and satisfied by the levy and sale of the property of said *Hall;* that on the 13th day of *January,* 1858, one *George Miller* recovered judgment in the *Wells* Circuit Court, against said *George McDowell,* for the sum of $300 96; that on the 7th day of *May,* 1858, execution duly issued on said judgment to the sheriff, and was by him duly levied upon certain real estate, the property of said *McDowell. McDowell* claimed the land under the exemption act, and it was set off to him. At the time said execution, so issued in favor of *Miller,* was in the hands of said sheriff, and at the time said property was so set off to said *McDowell,* the said sheriff held an execution which was issued upon the said judgment in favor of said *B. C. Benedict* and others. Subsequently, *McDowell* mortgaged said property to *Miller,* and *Miller* assigned said mortgage debt to the plaintiff, who afterward foreclosed the mortgage, had the property sold, and bought it in on execution. That on the 28th day of *October,* 1861, the said defendant, *Hall,* caused an execution to issue on said judgment, in favor of *B. C. Benedict* and others, which was placed in the hands of the sheriff, *DeHasen,* and was by him levied upon said real estate, and the same was advertised for sale, &c.

Prayer, that the court grant an injunction restraining the further proceedings of defendant.

Copies of the records of the judgments above mentioned,

upon which plaintiff bases his title, are not set out in the complaint, nor is the complaint supported by affidavit.

Demurrer to the complaint for the following grounds of objection: 1. The complaint does not state sufficient facts. 2. The complaint is not supported by affidavit. Demurrer overruled; motion in arrest of judgment overruled, and defendant excepts. Judgment for plaintiff.

RAY, J. — The objection that the amended complaint, filed by leave of court after the restraining order had been granted upon a properly verified complaint, was not supported by affidavit, cannot be raised by demurrer. *Denny, Adm'r,* v. *Moore,* 13 Ind. 418.

It is insisted that the complaint is defective in not containing copies of the judgments, executions, returns, and the sheriff's deed. To require this would be simply requiring the proof proper to be introduced upon the trial of the issues to be made part of the complaint.

The facts stated in the complaint are sufficient, if true, to entitle the appellee to the relief asked. While the sheriff held the executions issued upon the judgment in favor of *Benedict* and others, and upon the judgment in favor of *Miller*, the execution defendant notified the said sheriff that he claimed the property as exempt from execution, and the same was thereupon set off to him. This relieved it from the lien of either execution in the sheriff's hands, and the subsequent proceedings vested the title in appellee. The demurrer was, therefore, properly overruled.

The judgment is affirmed.

*N. Burwell, D. Studebaker, J. E. McDonald* and *A. L. Roache,* for appellants.

*W. H. Coombs,* for appellee.