GREGORY *v.* LATCHEM ET AL.

| 53 | 449 |
| 146 | 594 |

EXECUTION.—*Exemption of Property from Sale.*—*Inventory.*—*Evidence.*—An execution-defendant, who demanded the exemption of certain articles from sale under the execution, presented to the officer holding the execution, before sale, an inventory purporting therein to be "an inventory of," etc., following the language of section 1 of the act of March 5th, 1859, as amended in 1861, 2 Rev. Stat. 1876, p. 352, except the omission of the words "within or without this State," and the commas before and after them, after the words "real estate;" and the affidavit attached thereto, made and subscribed by the execution-defendant, stated that "the foregoing inventory" contained "a full and true account of all the property held by him on," etc., the date of the issuing of the execution, and that none of said property had been since disposed of, except, etc., showing how certain articles mentioned in the inventory had been disposed of, and what disposition had been made of the proceeds.

*Held,* that the inventory was sufficient, and constituted material evidence to sustain an action by the execution-defendant against said officer and the execution-plaintiff, to recover possession of articles sold by the officer to the execution-plaintiff under said execution, in disregard of the execution-defendant's demand for their exemption from such sale.

SAME.—*Constitutional Law.*—*Construction of Exemption Statutes and Proceedings.*—Statutes to carry into effect the provision of the constitution, that "the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property," etc., and proceedings in carrying such statutes out practically, should be liberally construed.

From the Huntington Circuit Court.

*W. D. Cole, B. F. Ibach* and *C. W. Fairbanks,* for appellant.

PERKINS, J.—Action against the sheriff and an execution-plaintiff to recover personal property. The action is by the execution-defendant, and, as to a part of the property sued for, he claims it was wrongfully and illegally sold by the sheriff to the execution-plaintiff in disregard of a valid claim made by him for its exemption from sale. As to the balance of the property sued for, the execution-defendant, the plaintiff in this suit, claims that it was wrongfully and illegally sold, because he had given a delivery bond for the

property, and had tendered its value to the sheriff in money in lieu of the property.   Judgment below for defendants; motion for a new trial overruled; exception; appeal, etc.

1. As to the portion of the property claimed as exempt from execution, the statute, 2 R. S. 1876, p. 352, requires, " that before any person shall be entitled to the benefit of the provisions of the above recited act, he shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this State, money on hand or on deposit within or without this State, rights, credits and choses in action, and all personal property of every description whatever belonging to him or [in] which he had any interest at the date of the issuing of the writ, and make and subscribe an affidavit to the same that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him at the time such writ was issued, and if any such property has been disposed of by him since the issuing of the writ, such affidavit shall show that fact, and how the same has been disposed of, and what disposition he has made of the proceeds, and until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution-defendant as exempt from execution."

On the trial of this cause below, the plaintiff testified that the following inventory was delivered to the sheriff before the sale, accompanied by a demand for the exemption of certain articles, etc., with which the sheriff refused to comply :

"An inventory of all the real estate money on hand or on deposit within or without this State, rights, credits, and choses in action, and all personal property of every description whatever belonging to James G. Gregory, or in which he had any interest whatever on the 16th day of October, 1873, viz., bill against P. H. Burkhead; bill against E. C. Briant; four mules, use of till August 1st, 1874; three sets double harness, use of two sets till August 1st, 1874; two

Gregory *v.* Latchem *et al.*

two-horse wagons, use of till August 1st, 1874; three axes; one buck saw; fifteen bushels of corn; two hundred pounds of hay; four fly nets; ten shares of stock in H., B., L. & S. Association; one small engine; two horse-brushes; two curry combs; watch; four cords of wood; one rubber overcoat; bill against F. Kopp; three whips; one riding bridle; one spade; one hoe; two frows; four wedges; two log bolsters; one double sleigh, use of till August 1st, 1874; three wood racks.

"State of Indiana, Huntington county, ss:

"The undersigned, being duly sworn, says, that the foregoing inventory contains a full and true account of all the property held by him on the 16th day of October, 1873, and that none of said property has since been disposed of, except the bill against Burkhead, the bill against Briant, the bill against Fred. Kopp, the corn and hay, part of the four cords of wood. The bills of Burkhead, Briant and Kopp were collected and paid out in part on notes and debts to William Foust, Henry Pohler, D. Youngling, L. Severance, J. Fernandez, Hiram France, and balance was used for living expenses. The hay and corn were fed to the mules and horses; part of the wood has been used by his family. The double sleigh, four mules, two sets of double harness, two two-horse wagons, are incumbered by a mortgage to Borum & Pease, of New York City, made on the 10th of October, 1873.                      JAMES G. GREGORY.

"Sworn to and subscribed before me, this 17th day of November, 1873.                      T. L. LUCAS, Clerk."

The plaintiff, the only witness in the cause, so far as appears by the bill of exceptions, testified that the execution was levied on the property in controversy on the 16th of October, 1873; that he, the plaintiff, was a resident householder; that before the sale, he designated to the sheriff articles claimed by him as exempt from execution, which were appraised at two hundred eighty-one dollars and sixty-five cents; that the judgment upon which the execution issued was rendered upon a demand on contract, not for a tort.

The bill of exceptions proceeds: "The plaintiff then offered in evidence the inventory of all his property, filed by him to obtain exemption, which inventory is in the following words, to wit," (the inventory copied above in this opinion); "to the admission of which the defendants objected, the court sustained the objection, and the plaintiff excepted."

Did the court err in rejecting the inventory? The record does not disclose to us the ground on which it was rejected, and the counsel for the defendants, on whose objection it was rejected, have not favored the court with a brief in vindication of the ruling of the court.

It was material and absolutely necessary to the plaintiff's success, under the issues in the cause, that a verified inventory of all the plaintiff's property, made before sale by the sheriff, should be given in evidence, or its contents, if lost. Does the inventory offered and excluded appear to be such an one? We think it does. It commences by stating that it is "an inventory of all the real estate money on hand or on deposit within or without this State, rights, credits," etc., following the language of the statute. The only deviation from it is in omitting the words "within or without this State," after the words "real estate;" but it omits the commas in the statute before and after the omitted words, so as to fairly make those words used after the words "on deposit" apply to the words "real estate," as well as to money on hand, etc. The statement in the inventory clearly covers all the plaintiff's property, wherever existing, and the affidavit in verification avers that that inventory "contains a full and true account of all the property held by him," etc.; not simply that the list of property therein is correct, but the "account" given in it of the property is true, which includes the statement in regard to its situation, as well as to the items in it.

We think the affidavit in verification extended to all the statement in the paper termed an inventory. The jurat is sufficient. See *Hosea* v. *The State*, 47 Ind. 180, and cases cited.

The constitution of the State declares, that "the privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property," etc.; and in view of the object of this humane provision, we think statutes to carry it into effect and proceedings in carrying them out practically should be liberally construed.

The error in excluding the inventory as evidence was a material one, for which the judgment must be reversed.

Under the statute of 1852, the execution defendant had but one thing to do to entitle him to have property set apart as exempt from execution; that was, to claim particular items of property, so that the proper person might schedule it for appraisement. This claim might be made by parol or in writing. *Mark* v. *The State, ex rel., etc.*, 15 Ind. 98. As to the mode and manner of making this claim, the statute of 1852 has not been changed. 2 Rev. Stat. 1876, pp. 354, 355. But, by the act of 1859, amended in 1861 (2 Rev. Stat. 1876, p. 352), an additional act is required to be performed by an execution-defendant, as a condition precedent to his right to require the sheriff to set off to him property as exempt, etc., and that act is, the furnishing to the sheriff a verified inventory of all the property he owns, or has an interest in, anywhere in the world. This is a distinct act from his claiming by designation of particular items of property for exemption; but until it is performed, the sheriff cannot "set apart any property to the execution defendant as exempt from execution," on any claim, by designation of items, that he may make. 2 Rev. Stat. 1876, p. 352.

The rejection of the schedule offered in evidence in this case was, therefore, utterly fatal to the plaintiff's right of recovery.

One other point may be noticed. It relates to the second portion of the property above mentioned, sought to be recovered in this suit. As to this, the court instructed the jury:

"The other portion of the property consists of four brown mules, one two-horse wagon, one set of double harness, and

one sleigh. If this were levied on as alleged, appraised, a delivery-bond executed, and the property retained in the possession of Gregory, the plaintiff, and the same was subsequently, before its being again taken possession of and sold by the sheriff, sold by the plaintiff to Frederick Schonell for the appraised value thereof, or more, the price being less than fifty dollars, this would pass the property in the goods to Schonell, and no right of action, therefore, would remain in the plaintiff; and our statute requiring the action to be brought in the name of the real party in interest, the plaintiff, Gregory, in such case would not be entitled to recover as to this portion of the property; and if a part only of it were sold to Schonell, and a part of it remained unsold, the sheriff would have had the right to take possession of the part remaining unsold, and subject the interest therein of the plaintiff to sale on the execution."

We think this instruction is unobjectionable. It presents a hypothetical case properly to the jury, and states the law correctly, if they find the facts to correspond to the hypothesis.

The judgment is reversed, with costs; cause remanded for further proceedings, etc