No. 9148.

VANCE ET AL. v. SCHROYER ET AL.

REAL ESTATE, ACTION TO RECOVER.—Complaint.—Title.—Right to Possession.—It is not necessary, in an action for the recovery of real estate, for the plaintiff to aver in his complaint that he is the owner in fee of the land; any one having a subsisting interest therein and a right to the possession thereof may maintain an action against the tenant in possession. And where, in such action, the complaint avers that a court of competent jurisdiction, in a suit in which the plaintiff and defendant were parties, adjudged the plaintiff to be the owner and entitled to the possession of the premises, and that the defendant unjustly withheld from him the possession thereof; that, in pursuance of a writ of restitution issued on such judgment, the plaintiff was put in possession of the premises; but that afterwards the defendant forcibly and without right entered and took possession thereof, it shows that the plaintiff had a subsisting interest in the real estate and was entitled to the possession, and is sufficient on demurrer.

PLEADING.—Practice.—An argumentative pleading will not be held bad on demurrer. The remedy is by motion to make more specific.

From the Boone Circuit Court.

C. C. Nave, for appellants.

J. W. Clements, for appellees.

MORRIS, C.—This suit was brought by the appellees against

the appellants, to recover the possession of forty acres of land, situated in Boone county, alleged to be in the possession of the appellants without right.

The complaint states, that the appellees Daniel M. Schroyer and Elizabeth Schroyer, his wife, and John T. Alexander and Julia A., his wife, at the September term, 1879, of the Boone Circuit Court, obtained a judgment against the appellants David M. Vance, George W. Vance, Sophronia Vance, Icelina Vance and Spencer Vance, and one Ezra Smith, for $87.50 damages, and costs taxed at $40.75, and adjudged the appellees to be the owners and entitled to the possession of the following real estate, in Boone county, Indiana, to wit: The northwest quarter of the southwest quarter of section two, township seventeen north, of range one east, and that the appellants unjustly withheld possession of the same from the appellees; that on the 6th day of October, 1879, the clerk of said court issued a writ of restitution and execution on said judgment, directed to the sheriff of said county, and commanding him to levy said damages and costs of the property of the said David M. Vance and George W. Vance, and to take possession of and deliver up to the appellees said premises; that said writ was duly placed in the hands of the sheriff of said county, who, by virtue thereof, on the 16th day of October, 1879, executed said writ of restitution by ejecting the appellants from said premises, and by delivering possession of the same to the appellees; that afterwards, on the 25th day of October, 1879, the appellants, without right, title or authority from the appellees, unlawfully and forcibly entered into and took possession of said premises, and are now in possession of the same without right, and ever since said 25th day of October, 1879, have unlawfully and without right had and held possession of the same, to the damage of the appellees in the sum of $50. It is averred that the appellees are the owners of five-sixths of said premises, and were the owners of the same prior to the rendition of said judgment. Possession of said premises is demanded, and damages for their detention.

The appellants demurred to the complaint. The demurrer was overruled. They then answered the complaint by a general denial.

The cause was submitted to the court for trial. There was a finding and judgment for the appellees. The appellants asked and obtained a new trial as of right, under section 601 of the code. The appellants then took a change of venue from the judge who tried the cause, and Thomas J. Cason, a competent attorney, was appointed to preside on the second trial.

The cause was again submitted to the court for trial, which resulted in a finding and judgment for the appellees.

The appellants assign as error the overruling of the demurrer to the complaint.

The appellants insist that the complaint is bad, if the action is to be regarded as a suit for the recovery of real property under article 23 of the code, for the reason that it is not averred that the appellees are the owners in fee of the real estate sued for, and entitled to the possession of the same.

It is not necessary that it should be averred in the complaint that the party seeking to recover is the owner in fee of the land in controversy. Any one having a subsisting interest in real estate, and a right to the possession thereof, may recover the same by an action, to be brought against the tenant in possession. It is true that the complaint does not in this case directly aver that the appellees are the owners in fee of the premises sought to be recovered, nor that they have a right to the possession thereof, but it is averred that a court of competent jurisdiction, in a suit in which they were plaintiffs, and the appellants and one Smith were defendants, on the —— day of September, 1879, adjudged them to be the owners of said premises, and entitled to the possession thereof, and that the appellants unjustly withheld from them the possession of the same; that in pursuance of the commands of a writ of restitution, duly issued on said judgment, the sheriff of Boone county, on the 16th day of October, 1879, ejected the appel-

lants from said premises, and delivered the same to the appellees; that nine days afterwards, on the 25th of October, 1879, the appellants forcibly and without right, and without authority from the appellees, entered into and took possession of said premises, and have ever since held the same without right.

From these averments the inference is irresistible that the appellees had a subsisting interest in the real estate in dispute, and were entitled to the possession of the same. The judgment of the court was conclusive between the parties until reversed or set aside. It may be said, as was said in the case of *Bell* v. *Eaton*, 28 Ind. 468, that if the ownership and right of possession of the appellees are alleged argumentatively, "we must regard the argument as so conclusive as to amount to an express allegation of the facts, when tested by a demurrer." An argumentative pleading will not be held bad on demurrer. *French* v. *Howard*, 14 Ind. 455; *Garrison* v. *Clark*, 11 Ind. 369; *Austin* v. *Swank*, 9 Ind. 109. The defect can be reached only by motion to make the pleading more certain.

We think the complaint was sufficient, and that the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.