No. 10,627.

## BARKLEY ET AL. v. MAHON.

95 101
145 669

PLEADING.—*Argumentative Averments.*—If the necessary facts appear in a pleading argumentatively only, it will resist a demurrer.

SHERIFF'S SALE.— *Execution.— Exemption.— Evidence.— Life-Estate.— Appraisement.—Copy Sheriff's Certificate.*—Suit by an execution defendant to set aside a sheriff's sale of real estate upon the ground that the sheriff had, on proper schedule and proceedings, set apart the same as exempt from execution.

*Held,* that without proof that the property had been set apart as alleged the evidence was not sufficient.

*Held,* also, that the schedule made in such case and delivered to the sheriff, describing the property as " a life-estate in a house and two lots in the city of Huntington, Indiana," and being verified by oath showing that the party owned no other real estate, was sufficient, and admissible evidence for the plaintiff.

*Held,* also, that the execution, advertisement and appraisement of the property scheduled were proper evidence for the plaintiff.

*Held,* also, that a mere copy of the sheriff's certificate of sale was not proper evidence for the plaintiff; but on proper notice to produce the original to be used as evidence, and failure, parol evidence of its contents would have been admissible.

*Held,* also, that parol evidence to show that the property was in fact appraised, and to identify it as the same lots described by numbers in the complaint, was admissible for the plaintiff.

SAME.—*Pleading.*—When an officer sells property set apart as exempt from execution, the facts justifying such sale must be specially pleaded by him.

WIDOW.—*Election Under Will.*—A widow, to whom a life-estate is devised in lieu of her interest in her husband's land, manifests her intention to take under the will by claiming such life-estate as exempt from execution.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellants.

*J. B. Kenner, J. I. Dille* and *L. P. Boyle,* for appellee.

COLERICK, C.—This was an action instituted by appellee against the appellants to set aside a sale of certain real estate, made by the appellant Kintz, as sheriff of Huntington county, Indiana, to the appellants Barkley and Hassin, to satisfy a judgment rendered in their favor against the appellee, and enjoin said sheriff from executing to them a deed of conveyance for said real estate.

A demurrer to the complaint, for want of sufficient facts, was filed by the appellants, and overruled, to which ruling they excepted, and filed an answer of general denial. The issues were tried by the court, who found for the appellee. A motion for a new trial was made by the appellants, and overruled, to which ruling they excepted, and thereupon judgment was rendered in favor of the appellee, from which the appellants appeal to this court, and assign as errors the rulings of the court below on the demurrer to the complaint, and the motion for a new trial, which supposed errors we will consider in the order presented.

The complaint, in substance, avers that the appellee is the owner of a life-estate in lots forty-five and forty-six, in Hitzfield's addition to the town of Huntington, which she owns under the last will of her late husband, Stephen Mahon, who was the owner in fee simple of said lots at the time of his death; that she accepted the provisions of said will, and has ever since his death held said life-estate, and now holds the same by virtue thereof; that the appellants Barkley and Hassin, on the 18th day of July, 1881, recovered a judgment against her for $118, on which an execution was issued and placed in the hands of the appellant Kintz, as sheriff of Huntington county, Indiana, who, on the 13th day of August, 1881, levied the same upon property owned by the appellee, who filed with said sheriff a schedule of all her property of every kind, within and without this State, which schedule set forth her interest in said real estate; that upon filing said schedule appraisers were, by the appellants Barkley and Hassin and the appellee, selected to appraise the property mentioned in said schedule, and they appraised the same, under the directions of said sheriff; that said appraisers, under like directions, viewed said real estate, the same being pointed out to them by the sheriff, who well knew the location and description thereof; that the appellee asked to have the same set off to her as exempt from levy and sale on said execution, and under the direction and immediate supervision of

said sheriff, the appraisers appraised her life-estate in said real estate at $300, and it was set off to her as exempt from execution and sale; that at the time said levy and appraisement were made, and said property set off to her as exempt from execution, she was, and has ever since been, and now is, a resident householder of said county; that regardless of said property being so set off to her as exempt, said sheriff, on the 24th day of September, 1881, sold the same, on said execution, to said Barkley and Hassin, to satisfy their said judgment; that appellee was present, by attorney, at said sale, and gave notice to said sheriff and all persons present, that said sale was wrongful and void, and that said property had been set off to her as exempt from said execution; that said sheriff has since then issued to said Barkley and Hassin a certificate of purchase of said real estate, and now threatens to, and will, execute to them a sheriff's deed therefor, unless enjoined from so doing. Wherefore she prayed the court to declare said sale and certificate of purchase void, and perpetually enjoin the execution of a sheriff's deed to said Barkley and Hassin for said real estate, and other relief.

The principal objection urged by the appellants to the sufficiency of the complaint is, that it fails to aver that the judgment upon which the execution issued was rendered for a debt growing out of or founded upon a contract, express or implied. If such an averment was necessary, which we need not decide, it is sufficiently made, argumentatively, as the complaint alleges, that the appellee claimed the benefit of the exemption law, and complied with all of its requirements, and that the property in controversy was set apart to her by the sheriff as exempt from said execution. It has been decided by this court that the effect of setting off property as exempt is to release it from the lien of the execution. *Austin* v. *Swank*, 9 Ind. 109; *Godman* v. *Smith*, 17 Ind. 152; *Hall* v. *Hough*, 24 Ind. 273. It may be fairly inferred from the allegations in the complaint to which we have referred, that the sheriff set apart to the appellee the property as ex-

empt, because she was entitled to the exemption, and that the debt for which the judgment was rendered was founded upon or grew out of a contract, express or implied. An argumentative pleading may be so conclusive as to amount to an express allegation of the facts, when tested by a demurrer, and will not be held bad on demurrer. *French* v. *Howard,* 14 Ind. 455; *Bell* v. *Eaton,* 28 Ind. 468; *Utterback* v. *Terhune,* 75 Ind. 363; *Vance* v. *Schroyer,* 82 Ind. 114. The defect in such pleading can be reached only by motion to make it more certain. *Bell* v. *Eaton, supra; Vance* v. *Schroyer, supra.* In the cases of *Austin* v. *Swank, supra, Hall* v. *Hough, supra,* and *Green* v. *Aker,* 11 Ind. 223, complaints in cases similar to this, where like objections were urged, were held to be sufficient, although the allegations were less certain and specific than in this case.

If an exemption is made by an officer in a case not allowed by law, and he subsequently sells the property, regardless of the exemption, the facts upon which he relies in justification of his act in selling the same should be specially pleaded by him.

The other objections to the complaint are based upon the exhibits filed with the complaint, being the schedule, appraisement and will referred to therein. These exhibits can not be regarded as parts of the complaint, as the action is not founded upon them, or any of them. It is only where a written instrument is the foundation of the action that a copy thereof filed with the complaint becomes part of it. 2 R. S. 1876, p. 73, section 78.

It is settled by the decisions of this court that exhibits filed with a complaint, which are not the foundation of the action, do not become parts of the complaint by being filed with it, and they can not be examined or considered by this court for the purpose of determining the sufficiency of the complaint on a demurrer thereto, alleging insufficiency of facts. See *Cassaday* v. *American Ins. Co.,* 72 Ind. 95, and the many cases there cited. We therefore hold that the com-

Barkley *et al. v.* Mahon.

plaint was sufficient, and that no error was committed in overruling the demurrer thereto.

The reasons assigned for a new trial were:

1. That the finding of the court was contrary to law.

2. That the finding of the court was not supported by the evidence.

3. Error of law, occurring at the trial, in permitting the appellee to introduce in evidence the schedule of property made by her, and referred to in the complaint.

4. Error of law, occurring at the trial, in admitting as evidence the execution described in the complaint.

5. Error of law, occurring at the trial, in allowing the appellee to introduce in evidence the advertisement of the sheriff's sale mentioned in the complaint.

6. Error of law, occurring at the trial, in allowing the schedule and appraisement, referred to in the complaint, to be given in evidence.

7. Error of law, occurring at the trial, in permitting the appellee to introduce in evidence a copy of the sheriff's certificate of sale, described in the complaint.

8. Error of law, occurring at the trial, in allowing John W. Bonman, a witness for appellee, to testify as follows: " I am deputy sheriff of Huntington county; I made the levy on the property in suit; it is the same property claimed by plaintiff in her schedule; she said she was going to schedule; I was with the appraisers when they made the appraisement."

9. Error of law, occurring at the trial, in allowing the appellee to give in evidence the testimony of Lawrence P. Boyle, as follows: " I am acquainted with the plaintiff, and have been attending to her business for one year last past; I know she has accepted the provisions of the will of her late husband; I made out the schedule referred to in this case; she told me that she had accepted the provisions of said will instead of taking under the law."

We will consider the sufficiency of these reasons in the order in which they are presented in the motion for a new trial.

*First.* No point is made by the appellants in their brief in support of this reason, therefore, if any exists, it is waived by their failure to discuss or refer to it.

*Second.* We have carefully examined the evidence set forth in the bill of exceptions, and find that it fails to establish the most important and material averment in the complaint, viz., that the property in controversy had been actually set apart to her by the sheriff before the commencement of the action, as exempt from the execution by virtue of which it was afterwards by him sold. She introduced, or offered, no evidence to prove this averment. In the absence of such proof, which, in view of the averment in the complaint to which we have referred, was indispensable to her right to recover, the finding of the court can not be sustained, and the motion for a new trial, for this reason, ought to have been granted.

The appellants insist that appellee was entitled to, and owned, a greater interest in the real estate set forth in her schedule, than that claimed therein, in this, that as the widow of her late husband she was entitled, under the law, to an interest in fee in said real estate in lieu of the life-estate therein given to her by the will. She had the right to elect whether she would take under the law or the will. *Leach* v. *Prebster,* 39 Ind. 492. The right was a personal one, which she alone could exercise. *Heavenridge* v. *Nelson,* 56 Ind. 90. Her right to make such election, at any time, existed, and lapse of time did not affect it. *Piercy* v. *Piercy,* 19 Ind. 467. An election by her required the performance of some affirmative act on her part indicating her intention to make it. *Wetherill* v. *Harris,* 67 Ind. 452. In this case the evidence shows that the appellee did, by a positive and affirmative act on her part, elect to take under the will, by claiming, as exempt from execution, the life-estate in said real estate, which was given to her by the provisions of the will. So appellants are mistaken when they assert that she had a greater interest than a life-estate in said real estate.

The sheriff had no power to question the correctness of

the schedule, or determine whether or not it was a true and full statement of all her property. *Douch* v. *Rahner*, 61 Ind. 64.

*Third.* We do not think that the court erred in admitting the schedule in evidence. The objection urged by the appellants is, that it does not sufficiently describe the real estate owned by her, or in which she claimed an interest. It is described as a life-estate in a house and two lots in the city of Huntington, Indiana. We think it is sufficiently described. The schedule, verified as it is by the affidavit of the appellee, shows that the lots therein named constituted the only real estate owned by her, and are described as located in the city of Huntington, Indiana. The appellants knew what real estate was intended to be described by her in the schedule, as the judgment plaintiffs selected an appraiser to appraise the same, and he, with the appraiser selected by the appellee, made the appraisement under the directions of the sheriff. If the description, as set forth in the schedule, was sufficient to enable the officer to discover and identify the property, and cause its appraisement, he, and those for whom he acted, could not afterwards question the sufficiency of the description.

The Constitution of this State declares that "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Article 1, section 22. In view of this just and humane provision of the Constitution, it has been held by this court that statutes enacted to carry it into effect, and all proceedings under them, shall be liberally construed for the benefit of the debtor. *Gregory* v. *Latchem*, 53 Ind. 449.

When the required schedule is furnished by a person entitled to the provisions of the exemption law, to the sheriff or officer holding the execution, he must proceed at once to appraise the property, and when appraised he must set off to

the debtor the property selected by him, not exceeding in value the amount allowed him as exempt. R. S. 1881, section 710; *Douch* v. *Rahner, supra.* The act of the officer is ministerial, not judicial. He has no discretion to do or not to do it. The law commands him to do so. *Pudney* v. *Burkhart,* 62 Ind. 179.

It would have been error to have excluded the schedule and appraisement as evidence. It was competent and indispensable evidence to the appellee's right of recovery. *Gregory* v. *Latchem, supra.*

*Fourth, Fifth* and *Sixth.* We think that the evidence referred to in these reasons for a new trial was competent and material evidence, for the purpose of proving, or tending to prove, material facts averred in the complaint.

*Seventh.* We do not think that a mere copy of a certificate of purchase issued by a sheriff for real estate sold by him at sheriff's sale is competent evidence. If it was necessary for the appellee to introduce in evidence, which we need not decide, the certificate of purchase referred to, she could have required the appellants, if it was in their possession or under their control, upon proper notice being given to them, to produce it at the trial, so that it might be introduced in evidence, and if they refused or failed to produce it, parol evidence as to its contents might have been given.

*Eighth.* The evidence referred to in this reason for a new trial was competent for the purpose of showing that the property described in the schedule was, in fact, appraised, as required by law, and was the same property as that levied upon by the sheriff.

*Ninth.* The bill of exceptions, which contains all the evidence given in the cause, fails to show that the witness Lawrence P. Boyle testified to any declarations made to him by the appellee as to her accepting the provisions of the will, instead of taking under the law, as stated in the motion for a new trial. The evidence which was rendered by Boyle, as set forth in the bill of exceptions, was competent.

For the reasons above set forth we hold that the court erred in overruling the motion for a new trial, and, therefore, the judgment of the court below must be reversed.

PER CURIAM.—The judgment is reversed, at the costs of the appellee, with instructions to the court below to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 9, 1884. Petition for a rehearing overruled April 23, 1884.