The State, *ex rel.* Stallings, *v.* Read *et al.*

No. 11,168.

THE STATE, EX REL. STALLINGS, *v.* READ ET AL.

EXECUTION. —*Exemption.* —*Pleading.*—*Exhibits.* —An execution defendant may, on filing the proper schedule, select the property which shall be exempt, at any time before or after levy, prior to sale; to this end a substantial and not a literal compliance with the statute is required, and in pleading that he took the steps required by the statute, it is not necessary to exhibit the schedule.

SAME.—*Construction of Statute.*—The statute exempting property from execution, as well as proceedings under it, must be liberally construed, not only in behalf of the defendant, but also of the officer holding the execution, when it is sought to hold him liable for failure to make the money.

From the Posey Circuit Court.

*E. D. Owen,* for appellant.

*W. P. Edson,* for appellees.

ELLIOTT, J.—The relator's complaint alleges that the appellee William Read, as principal, and the other appellees, as sureties, executed the bond sued on; that the bond was executed to secure the faithful discharge of the duties of the office of justice of the peace by Read; that Read, while in the discharge of the duties of his office, rendered judgment in favor of the relator for $179.10 against one John Schull; that he appointed Jonathan Alsop a special constable and issued to him an execution on the relator's judgment; that during the life of the execution Schull had a large quantity of personal property subject to levy and sale on execution out of which the judgment could have been made, but the special constable, Alsop, refused to make a levy on the property.

To this complaint the appellants answered, that during the time the execution was in the hands of the special constable, the debtor, John Schull, had less than $300 worth of personal property and was a resident householder of the State of Indiana, and was entitled to claim the property as exempt from execution, and did elect to claim it as exempt, and, on the 22d day

of August, 1881, duly made out and delivered to the special constable an inventory of all his real property within or without the State, money on hand or deposit within or without the State, rights, credits and choses in action, and all personal property of every description whatever belonging to him, the said Schull, or in which he had any interest at the date of the issuing of the execution; that the schedule was duly sworn to by Schull; that the property was duly appraised by two disinterested householders of the neighborhood; that the schedule and appraisement, duly sworn to, were delivered to the special constable; that the appraisement of all the personal property of Schull was $166.05; that Schull elected to take the property as exempt from execution, and thereupon the special constable returned the writ with his doings thereon.

The justice of the peace was responsible for the official conduct of the special constable appointed by him, and if the special constable negligently failed to execute the writ delivered to him, the justice became liable on his bond for the loss sustained by the execution plaintiff. R. S. 1881, sec. 1440.

The answer states such facts as show that the special constable was not bound to levy the execution issued on the relator's judgment. The execution defendant had a right to select the property that he desired should be exempt from levy and sale. R. S. 1881, section 704.

It is not necessary to set forth the schedule in an answer, as it is not the foundation of the defence. *Hall* v. *Hough*, 24 Ind. 273. The defence consists of the right to the exemption and a compliance with the statutory requirements as to making, verifying and filing the schedule. An answer, which shows the person to be entitled to the exemption and to have filed such a schedule as the law requires with the proper officer, is good. This is done in the present instance by fully stating all the material facts, and this is the proper method. It would be bad pleading to set forth the evidence.

An execution defendant may assert his claim to exempt property at any time before sale. *Pate* v. *Swann*, 7 Blackf.

500. Counsel for appellant is in error in asserting that the right can only be asserted after levy, for, so far from this being true, it is true that where the claim is properly made and enforced the officer should not levy. *State, ex rel.*, v. *Melogue*, 9 Ind. 196.

The counsel for the appellant says that the first paragraph of the reply presents the question as to whether " the defendant, having more property in real and personal than the exemption allowed him, can retain the personal and designate to a constable the real estate to sell? " The statute to which we have referred answers this question against him, for it provides that the debtor " may elect or designate" either real or personal property, or he may designate both. R. S. 1881, sec. 704.

It is very doubtful whether the evidence can be said to be in the record, but as we have no brief from the appellee we have concluded to treat it as properly before us, and examine the questions argued by counsel. The first question arising on the evidence is thus stated by counsel: " Was the schedule filed by the execution defendant sufficient in law to entitle him to an exemption?" The first alleged defect is thus pointed out: "After the words ' property real,' the words ' within or without this State ' are left out." The caption of the schedule is in these words: " Schedule of property belonging to John Schull, August 22d, 1881." This is followed by a specific description of his property, real and personal, and then follows the sworn statement, reading thus: " I, John Schull, do solemnly swear that the foregoing is a full and complete schedule of all my property, real and personal, goods, credits, money and effects, and choses in action, owned and belonging to me on the 22d day of August, 1881, and that I have not sold any property since that date to the present time other than that accounted for in the schedule above." The omission of the words " within or without the State" does not impair the force of the instrument, for it appears by its statements that it includes all of the debtor's property, wherever situated.

Another objection urged is that the schedule does not contain after the word "money," the words "or on deposit;" and still another objection is that the word "rights" is not used in the schedule. We think it contains equivalent words, and sufficiently shows that the whole of the property owned by the debtor is exhibited and accounted for, and this is all that the statute requires. Even in criminal prosecutions, where life and liberty are involved, it is sufficient in charging the offence to use words of equivalent meaning with those employed in the definition of the offence, and certainly equivalent words should be deemed sufficient, where the law is to be liberally construed, and the conduct of the debtor is not to be strictly measured by rigid rules. It is well settled in all cases of this kind that, as said in *Gregory* v. *Latchem*, 53 Ind. 449, proceedings in carrying out the statute securing exemption "should be liberally construed." *Haas* v. *Shaw*, 91 Ind. 384.

The remaining objection to the schedule is that it does not, in terms, state that the debtor had not disposed of any property since the date the writ issued. We think it does show that none had been disposed of, because it fully describes all property owned by the debtor on the day the writ issued, and shows that he still owned it at the time the schedule was executed. The entire instrument is to be considered, and taking it altogether, the ownership, description, and situation of the property is fully exhibited. *Gregory* v. *Latchem, supra.*

The only question presented by the agreed state of facts is as to the sufficiency of the schedule, for we find in it this statement: "That the property named in the annexed schedule filed in said cause was the property of said John Schull, execution defendant, and was of the value set upon it by the appraisers, and was subject to levy and sale under said execution unless the execution defendant, Schull, had a right to retain the same away from such levy and sale by reason of the annexed schedule." The appellant's counsel has, as appears from his argument, justly considered this statement of facts as presenting simply the question of the sufficiency

of the schedule, and that question we have considered and decided.

A constable is bound, at his peril, to accept a proper schedule when duly tendered by the debtor, and if he levies after the tender of a proper schedule he is a trespasser. *Stephens* v. *Lawson*, 7 Blackf. 275. The officer can not dispute the truth of the schedule, but must act upon it, and set apart the property claimed by the debtor, even though the latter owns property not exhibited in the schedule. *Douch* v. *Rahner*, 61 Ind. 64. A mandate will lie to compel the sheriff to set apart the property designated by the debtor. *Young* v. *Baxter*, 55 Ind. 188; *Pudney* v. *Burkhart*, 62 Ind. 179; *Mark* v. *State*, 15 Ind. 98. The right of the debtor to claim the property need not be exercised until after appraisement, and he may then designate the property he elects to claim. *Kelley* v. *McFadden*, 80 Ind. 536. It appears from the decisions to which we have referred that the debtor is favored in the matter of exemption, and that the officer is placed in a situation of difficulty and embarrassment; for, if he rejects a schedule which is in substantial compliance with the statute, he is liable to the debtor, or if he fails to set apart property claimed by the debtor, when the claim is substantially such as the law recognizes, he is answerable in damages. There is, it is plain, much more reason for adopting a liberal construction of a schedule accepted by an officer than for enforcing the rule of liberal construction in favor of the debtor. It is in the power of the debtor to exactly conform to the law, but it is hardly possible that a sheriff or a constable should always be able to judge whether there was or not a substantial compliance with the statute, and to hold these officers to a strict and rigid accountability would be most unjust. In our opinion the rule is, and should be, that where an officer is sued by an execution creditor for failure to seize property on execution, and it appears that the officer has accepted, in good faith, a schedule from the debtor, the schedule will receive a liberal construction. The cases we have cited

make the officer liable if he fails to act upon a schedule, liberally construed, and surely he may invoke the rule of liberal construction for his protection. He ought, indeed, to have applied to his acts a more favorable rule than that accorded the debtor. Judgment affirmed.

Filed March 7, 1884.