No. 10,709.

THE WESTERN UNION TELEGRAPH COMPANY v. FERRIS.

TELEGRAPH COMPANY.—*Failing to Transmit Message to Point Without the State.—Statutory Penalty.—Constitutional Law*—Section 4176, R. S. 1881, prescribing a penalty against telegraph companies for failing to transmit a message, is valid and constitutional, whether the message is to a point within or without the limits of this State.

SAME.—*Pleading.—Answer.*—To a complaint against a telegraph company, to recover the statutory penalty, alleging that such company received and failed to transmit a message for which the usual charge had been paid, an answer averring that a message was seasonably transmitted, but not identifying it in any way as the message referred to in the complaint, is bad.

PLEADING.—*Exhibit.—Practice.*—An exhibit, attached to an answer, which is not the foundation of the defence, does not become part of it, and can not be looked to in determining its sufficiency.

SUPREME COURT.—*Practice.—Brief.—Waiver.*—A question not made in the original brief of appellant, nor until the brief of the appellee has been filed and the case taken up for consideration by the court, may be considered as waived.

From the Shelby Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.
*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellee.

MITCHELL, C. J.—This was an action to recover the penalty prescribed by section 4176, R. S. 1881, against telegraph companies negligently failing to transmit messages delivered to them during usual office hours.

The complaint avers that, on the 2d day of December, 1882, the plaintiff delivered a certain message to the defendant's operator, at its office in Shelbyville, Indiana, for transmission to Chicago, Illinois, and that according to its regulations he paid to it forty cents as the price of such service. The message to be sent is set out in the body of the complaint and is in the language following:

"SHELBYVILLE, IND., Dec. 2d, 1882.
*"Harry C. Chapman, Chicago, Ill.:*
"Yes, if we can have books by Monday.
"JOHN S. FERRIS."

It is averred " that the defendant wholly failed and refused to transmit said message," to the plaintiff's damage, etc.

After a demurrer was overruled to the complaint, the defendant answered that, on the 2d day of December, 1882, one Harry C. Chapman delivered to it, at its branch office at the Clifton House in Chicago, Illinois, a certain message directed to John S. Ferris, at Shelbyville, Indiana, a copy of which is attached to the answer as an exhibit, which message, it is alleged, was transmitted to Ferris without delay; that at the time the message was sent by Chapman to Ferris, the defendant's operator, to whom it was delivered at Chicago for transmission, was directed by Chapman to deliver the answer, when it came, at the Clifton House, Chicago, and that Ferris received the telegram so sent. It is then averred that Ferris, "fifty-five minutes after 2 o'clock P. M. of said day, filed in the defendant's office, at Shelbyville, Indiana, the following described message, written upon a blank form furnished by said defendant for use by its patrons, a true copy of which said message and a blank upon which the same was written, said blank containing in print the terms and stipulations upon which the defendant undertook to transmit and deliver said message, is made a part hereof and for identification marked 'Exhibit B.'" It is then averred "that said John S. Ferris did not pay or tender to defendant any money for the transmission and delivery of said message at the time he filed the same in defendant's office," and that he did not direct that the message should be repeated nor pay for repeating it; that the defendant's operator at Shelbyville "did, in due and proper order of time, transmit said message, 'Exhibit B,' from Shelbyville to Chicago, and that the message, 'Exhibit B,' was delivered to the hotel clerk of the Clifton House, Chicago, without delay and in due and proper order of time."

In the paper marked " Exhibit B," filed with the answer we find, following various stipulations, reciting the terms upon which messages are received and sent, the following:

*"To Harry C. Chapman, Chicago, Ill.:*

"Yes, if we can have the books by Monday.

"JOHN S. FERRIS."

The court below sustained a demurrer to the answer, and, the defendant refusing to plead further, judgment was rendered in favor of the plaintiff below for the statutory penalty. An appeal from this judgment brings the record before us, upon which two questions are made, one of which involves the sufficiency of the complaint, the other the answer.

The learned counsel argue that the statute upon which the action is founded is unconstitutional, in so far as it applies to telegraph messages which are to be transmitted beyond the limits of the State. Taking counsel's premise as true, the conclusion to which the argument leads is, that inasmuch as the telegram was to be sent to another State, the complaint to recover the penalty is bad, for the reason that the statute giving the action is an attempt to regulate inter-state commerce and is therefore void. The question thus made has been considered by this court in several cases, and the constitutionality of the statute has been steadily affirmed. In a recent case, *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12 (48 Am. R. 692), the question was again carefully and exhaustively examined, and the authorities relied on by counsel in this case fully considered, and the deliberate conclusion was reached that the previous rulings would be adhered to. The question should be considered at rest in this tribunal.

Moreover, as this question was not suggested in the original brief and argument of appellant's counsel, nor until after the brief for appellee had been filed and the case taken up for consideration by the court, we think it might well be regarded as waived, and for that reason, if we considered the question an open one, we should not feel compelled to consider it under the rules of practice here.

Waiving the supposed technical objection to the manner in which the exception is saved to the ruling of the court in

sustaining the demurrer to the answer, we have no doubt that the ruling in that behalf was right.

It is argued by counsel that the answer was a plea in bar, by way of confession and avoidance. We think it difficult, if not impossible, to maintain this view of the answer, nor do we now see how it could be held good, if it were so regarded.

The material averments of the complaint are, that the defendant, being at the date mentioned engaged in the business of telegraphing for the public, received from the plaintiff for transmission to Chicago a certain message, which, for the purpose of identification, is set out in the complaint, and which, after receiving forty cents, the usual charge, according to its regulations, it failed and refused to transmit.

The gravamen of the complaint is the wrongful or negligent failure of the telegraph company to comply with its duty, whereby it had become liable to the statutory penalty. Apparently, there is but one answer to make to this, and that is to deny it either generally or specially. If the telegram delivered was transmitted, as the law required, or if plaintiff failed to pay or tender payment, according to the regulations of the company, then the averments in the complaint are not true, and an answer which should aver that the telegram was seasonably transmitted, or that payment had not been made or tendered, according to the regulations of the company, would, in our opinion, not be a plea in confession and avoidance.

The answer must be regarded as an attempt, argumentatively, to deny the complaint, and in this we think it comes short.

The exhibits attached to the answer are in no sense the foundation of the defence, and are, therefore, under the well settled rule, no part of it.   *Wilson* v. *Vance*, 55 Ind. 584; *Cassaday* v. *American Ins. Co.*, 72 Ind. 95; *Barkley* v. *Mahon*, 95 Ind. 101;   *Black* v. *Richards*, 95 Ind. 184; *Sedg-*

The Western Union Telegraph Company *v.* Ferris.

*wick* v. *Tucker,* 90 Ind. 271 ; *Buchanan* v. *Milligan,* 68 Ind. 118; *Schori* v. *Stephens,* 62 Ind. 441.

The answer must be considered without looking to these, and without these counsel do not attempt to maintain its sufficiency.

Leaving the exhibits out of view, the answer then simply avers that on the 2d day of December, 1882, Chapman sent a message from the defendant's Clifton House office, at Chicago, to Ferris, at Shelbyville, and directed that the answer to it should be left at the Clifton House; that the message was received by Ferris and answered, and that the answer was seasonably transmitted and delivered to the hotel clerk at the Clifton House. There is not the slightest connection shown, by any averment contained in the answer, between the messages spoken of in the answer and that upon which the defendant's default is predicated in the complaint.

If we are to consider the exhibits attached as part of the answer, it would be difficult to arrive at the conclusion that the message set out in " Exhibit B " was the same as that upon which the complaint is predicated ; that in the complaint is dated " Shelbyville, Ind., Dec. 2d, 1881," and is addressed " Harry C. Chapman ;" that set out in the exhibit is dated " Dec. 2, 1882," without any place being mentioned, and is addressed " Harry C. Chapman." We do not, however, regard this as important, for the reason that we place our ruling distinctly upon the ground that the exhibits are in no sense a part of the answer, and do not in any way aid its averments. Without these there is nothing averred in the answer which shows that the message, upon which its default is predicated in the complaint, was ever transmitted, and so the averment in the complaint, that the defendant " wholly failed and refused to transmit said message," is not denied.

The averment that the plaintiff " did not pay or tender to the defendant any money for the transmission and delivery of said message at the time he filed the same in defendant's office," does not refer to the message mentioned in the com-

plaint, but to that in "Exhibit B," and this exhibit not being a part of the answer, we can not, without violating well settled rules, look to it to ascertain whether it was the message upon which the complaint is predicated; besides, the averment, as pleaded, is not a denial of that contained in the complaint, which is, in effect, that the plaintiff paid the defendant forty cents, according to its rules and regulations for the transmission of the message.

The judgment is affirmed, with costs.

Filed Sept. 19, 1885.