## GARRETT BROS. v. WADE.

46 493
65 114

1. EXEMPTION: *Notice of claim of, when waived.*

    It is the duty of a judgment debtor who claims exemption of his property from sale to give to the creditor five days' notice of filing the schedule of exemption; but this notice may be waived by the creditor, and *is* waived by his voluntary appearance before a justice, or before the circuit court on appeal, and contesting the right to the exemption.

APPEAL from *Johnson* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*G. W. Shinn,* for appellants.

Five days' notice was not given as required by *sec. 3006, Mansf. Dig.* Nor was the notice waived by appellants. The exemption can be claimed at any time before sale; but when it is claimed, the statute must be followed. *28 Ark., 485; 40 ib., 352; 33 ib., 464; 42 ib., 410.* The statute is peremptory, and the notice *must* be given before the exemption can be claimed.

*Geo. L. Basham,* for appellee.

Exemption laws are liberally construed, and apply to all cases within the spirit of the act. *28 Vt., 674; 36 ib., 271; 45 Miss., 182; 18 Tex., 416; 24 Ark., 155; 25 ib., 101.*

Appellants, by appearing in court and contesting appellee's claim, waived notice. See *Probst & Hilb v. Scott, 31 Ark., 652.*

COCKRILL, C. J. The appellants were the judgment creditors of the appellee, and caused a writ of garnishment to be served on one of her debtors for the purpose of subjecting the debt due her to the payment of their judgment. On the return day of the writ the appellee appeared, and upon leave granted filed an answer in the garnishment proceeding, claiming the debt as exempt from seizure, and filed with her answer a schedule of her property. The appellants demurred to the answer, and the demurrer being overruled, they declined to take further action in the matter; the justice sustained the claim to exemption, and the appellants prosecuted their appeal to the circuit court. There the judgment of the justice was, in affect, affirmed, and this appeal is prosecuted to reverse the judgment of the circuit court.

The debtor's right, in general, to the exemption of a chose in action is not questioned by the appellants, but it is argued that the privilege of any exemption of personal property was waived or lost in this case by a failure to comply strictly with the following provision of the statute:

"Whenever any resident of this state shall, upon the issue against him for the collection of any debt by contract, of any execution or other process, * * * against his property, desires to claim any of the exemptions provided for in article 9 of the constitution of this state, he shall prepare a schedule of all his property, including moneys, rights, credits and choses in action held by himself or others for him, and specifying the particular property which he claims as exempt under the provisions of

said article; and after giving five days' notice, in writing,. to the opposite party, his agent or attorney, shall file the same with the justice or clerk issuing such execution or other process, or attachment, and the said justice or clerk shall thereupon issue a supersedeas staying any sale or further proceeding under said execution, or process, or attachment against the property in such schedule de-- scribed and claimed as exempted, and by returning the property to the defendant, etc,  *   *   *" *Mansf. Dig.*, *sec. 3006.*

The law favors exemptions, and the statutes regulating the manner of asserting the claim, are not to be construed strictly for the purpose of defeating the end the state has in view in making provision for its citizens.

It is apparent from this statute that the allotment of the personal property to be withheld by the debtor from the grasp of his execution creditor, may be made at any time after the issue of process, if prior to the sale. *State v. Read, 94 Ind., 103; Shepherd v. Merrill, 90 N. C., 208.*

It is not necessary that the debtor should demand an appraisement. It is his duty to set forth all of his prop- erty in the schedule with its value, and provision is made,. in the interest of the creditor, when there is not enough to satisfy his debt, after deducting property to the amount in value allowed as the exemption of personalty, for the ap- pointment of appraisers to determine whether the prop- erty claimed as exempt exceeds in amount the limit fixed by the constitution. In order that the creditor may be prepared to show that his debtor is not of the protected class, or if entitled to exemption, that he (the creditor). may not be surprised by omissions of property from the schedule, and perhaps to save him from unnecessary costs in following a debtor who owns less than the law exempts,. provision is also made for giving him notice of the inten--

tion to assert the claim five days before hand. The time given is solely for the benefit of the creditor. He may waive it if he sees fit, and when he does so he cannot be heard to complain that he has been injured.

It is true, in this case, no written notice was served upon the creditors that the debtor intended to claim her exemptions, but she filed an answer asserting the right and accompanying it was a schedule which is admitted to be in substantial compliance with the statute. The appellants took issue upon the right of exemption by filing their demurrer to her answer, and when defeated upon that ground, elected to make no other contest.

This was as clear a waiver of the written notice as the appearance of a defendant without summons in an ordinary action. Moreover, if the appellants had not appeared in the justice court to contest the right of exemption, the prosecution of the appeal to the circuit court, where the matter was to be tried *de novo* (*Cason v. Bone, 43 Ark., 17*), was itself a waiver of the notice, and gave the circuit court the same power to proceed that the justice would have had upon full notice in writing to the creditors.

It is a general rule that the voluntary appearance of a party entitled to notice, amounts to a waiver of such notice. *Wade, Notice, secs. 1203, 1220.*

It was not necessary for the debtor to intervene in the garnishment proceeding in order to make good her claim to the debt due her. It was proper for her to file her schedule and claim as in an ordinary levy upon execution. *Winter v. Simpson, 42 Ark., 410.* But the schedule was, in fact, filed with the justice who issued the process, and her claim was in compliance with the statute. The appellants could have suffered no injury from the form of proceeding, and the practice pursued met with the approval of

this court in the case of *Probst & Hilb v. Scott, 31 Ark.,* 652.

Let the judgment be affirmed.