## Douch, Sheriff, et al. v. Rahner.

EXEMPTION FROM EXECUTION.—*Truth of Debtor's Schedule can not be Disputed.*
—An officer who, by virtue of an execution, has seized on property be-
longing to the execution debtor, can not question the truth of a proper
schedule, duly verified, presented to him by the debtor in demanding that
such property be exempted according to law.

SAME.—*Duty of Officer.*—*Appraisement.*—On the presentation of such schedule
and the selection by the debtor of his appraiser, it is the duty of the offi-
cer to proceed according to law to have the scheduled property appraised,
whether such schedule does or does not include all the property of the
debtor.

SAME.—*Demand.*—*Replevin.*—Where such schedule includes personal prop-
erty so seized by such officer, and the latter refuses to have the same ap-
praised for exemption, the debtor may demand of, and replevy from, the
officer personal property not exceeding in value three hundred dollars.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

*E. C. Field,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, com-
plained of the appellants, as defendants, in the court be-
low, and said that he was the owner, and entitled to the
possession, of one champion light mower and one sulky
hay-rake, of the value of one hundred dollars, which the
appellants unlawfully detained from the appellee, and the

appellee prayed judgment for said property, and for all other proper relief.

With this complaint the appellee filed the proper affidavit, and obtained thereon an order for the delivery to him of the property described in his complaint, which order was directed to the coroner of Lake county, who made return thereof that he had served the same, by taking said property and delivering it to the appellee.

The appellants answered the appellee's complaint in three paragraphs, in substance, as follows:

1. A general denial;

2. That an execution came into the hands of the appellant John Douch, from the clerk's office of Lake county, Indiana, issued on a judgment that Warder, Mitchell & Co. obtained against the appellee; that said judgment being in full force and not appealed from nor reversed, and being unpaid, the execution in said appellant's hands was issued thereon; that by virtue of said execution said appellant, as sheriff of said county, levied upon the property described in appellee's complaint, and held the same by virtue of said writ, and by no other right, and that he made the said levy to satisfy the said judgment of said Warder, Mitchell & Co., and copies of said judgment, execution and levy were filed with and made part of said paragraph of answer;

3. That the appellee was the owner of forty acres of land in said Lake county, which he had deeded to his wife prior to this proceeding, and that said conveyance of said land was made to defraud the appellee's creditors.

The appellee replied in two paragraphs to the second paragraph of the answer, in substance, as follows:

1. A general denial;

2. He admitted that his property was levied on by said execution as charged in said answer, but the appellee said that he was at the date thereof, and ever since had been, a *bona fide* resident and householder of said

Lake county, Indiana, and never had three hundred dollars' worth of property and effects, either real or personal, and that he claimed said property, so levied on by said execution, as exempt by law, and presented a schedule thereof, pursuant to law, to said sheriff Douch, and designated an appraiser to act in connection with an appraiser to be chosen by the appellants, and that said appellants refused to choose an appraiser, and refused to release said property on said schedule, and were about to sell said property at sheriff's sale, when the appellee was obliged to bring this action to recover the possession of said property.

The cause was tried by the court, without a jury, and a finding made in favor of the appellee.

The appellants' motion for a new trial was overruled, and to this ruling they excepted; and judgment was rendered by the court below on its finding.

In this court the only error assigned by the appellants is the decision of the court below, in overruling their motion for a new trial. In this motion the following causes for such new trial were assigned:

1. The finding of the court was contrary to law and evidence;

2. The finding of the court was contrary to law; and,

3. The court refused to permit the appellants to cross-examine the appellee as to his property, and as to his schedule being a true schedule of all his property.

The evidence on the trial is properly in the record. This evidence clearly established the following facts: That Benjamin H. Warder and others (appellants), on April 28th, 1874, in the court below, recovered a judgment against the appellee, for a debt founded upon a contract; that on the 24th day of December, 1874, an execution was duly issued on said judgment to the sheriff of said Lake county, and came to the hands of the appellant John Douch, as such sheriff, on the same day, to be

executed; that afterward, on March 20th, 1875, the appellant Douch, as such sheriff, by virtue of said execution, levied on the property described in appellee's complaint, as his property; that the appellee was a resident householder of said Lake county; that after such levy, and before the commencement of this action, the appellee made out and delivered to the appellant John Douch, as such sheriff, the inventory, schedule and affidavit required by the 1st section of "An act supplemental to an act entitled 'An act to exempt property from sale in certain cases,' approved February 17th, 1852," approved March 5th, 1859, 2 R. S. 1876, p. 352, note 1; that, at the same time, the appellee took an appraiser with him, and asked the sheriff to get the execution plaintiffs to select an appraiser, or to select one himself, to appraise the said property and set the same off to the appellee, as exempt from execution; that the appellant Douch, as such sheriff, refused to do either, and said he would not regard the said schedule of the appellee, and that the appellee then demanded of said sheriff Douch the said property, which was included in said schedule, but the sheriff refused to surrender the same.

It appeared from the sheriff's return on said execution, and the said schedule which was made part of said return, all of which were in evidence, that the property described in appellee's complaint was included in said schedule with his other property; that the said sheriff had, after this suit was brought, caused all said property to be appraised in the mode prescribed by law, and that the aggregate appraised value of all the property included in said schedule was only one hundred and sixty-two dollars and twenty-five cents, or much less than the amount of property exempt by law from sale on said execution.

It seems very clear to us, that, under the facts established by the evidence, the appellee was entitled to a judgment in his favor, as prayed for in his complaint.

Under the provisions of the exemption laws of this State, the appellee had the undoubted right to select and desig- nate the particular property described in his complaint; and, after having made out and delivered to the sheriff the inventory, schedule and affidavit required by the statute, to claim said property as exempt by law from sale on said execution. It was the sheriff's duty in this case, after the appellee had made and delivered to him said in- ventory, schedule and affidavit, and had designated and claimed the property levied on as exempt from sale on said execution, to ascertain in the mode prescribed by the statute the value of said property claimed as exempt; and having ascertained that such property was of no greater value than three hundred dollars, it was the fur- ther duty of the sheriff to set apart such property to the appellee, as exempt from sale on said execution. The sheriff was not authorized by law to question the correct- ness of the inventory, schedule and affidavit of the ap- pellee, or to determine whether or not the appellee's schedule was a true schedule of all his property. When the appellee had complied with the requirements of the statute, and it appeared that he was a resident house- holder, and that the value of the property claimed by him as exempt did not exceed three hundred dollars, he was entitled, under the law, to "designate the property so claimed," and it was the duty of the sheriff to set it apart to him, without regard to the truth or falsity of his schedule.

It appears, from the bill of exceptions, that the appel- lants "offered to prove that the plaintiff had not included all his property in his schedule;" that the appellee ob- jected to the offered evidence, and it was excluded by the court below, "on the ground that the evidence was incompetent, irrelevant and inadmissible."

In our opinion, there was no error in this decision. If it were true, that the appellee had not included all his prop- erty in his schedule, that fact would not, in any manner,

affect the appellee's right to recover in this action. If the appellee had owned and possessed other property, real or personal, of a value largely in excess of his legal exemption, that fact would not have precluded him from claiming and holding the particular property levied upon as exempt by law from sale on execution. The millionaire, as well as the bankrupt or insolvent, is entitled to his legal exemption, and may select and hold particular property of a value not exceeding three hundred dollars, as exempt by law from a sale on execution, by a compliance with the requirements of the statute on that subject. If the appellee owned other property than that described in his schedule, and if he perjured himself in and by his affidavit, he may be amenable therefor to the law, civil and criminal; but neither fact would defeat his title to the property in controversy, nor prevent his recovery in this action.

In our opinion, no error was committed by the court below, in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.

Opinion filed at November term, 1877.

Petition for a rehearing overruled at May term, 1878.