## The State, ex rel. Share et al., *v.* Boyd et al.

Sheriff.—*Action on Sheriff's Bond, for Failure to Advertise and Sell.*— *Defence.*—*Attorney.*—In an action by an execution plaintiff, against a sheriff and his sureties, upon the sheriff's bond, for a failure of the sheriff to advertise and sell the property of the execution debtor, an answer, that the sheriff's failure to advertise and sell was pursuant to the direction of the plaintiff's attorney, is sufficient.

Same.—*Exemption from Execution.*—*Pleading.*—*Exhibit.*—The defendants in such action answered, that, when about to make a levy, the debtor, who was a resident householder of the State, had demanded three hundred dollars worth of property as exempt from execution, and presented his verified schedule of his property, and that an appraisement thereof showed it to be of a less value than three hundred dollars.

*Held,* on demurrer, that the answer is sufficient.

*Held,* also, that copies of such schedule and appraisement could not be made part of such answer by attaching them thereto.

From the Fountain Circuit Court.

*L. Nebeker* and *S. M. Cambern,* for appellants.

Niblack, J.—This was an action by the State, on the relation of George K. Share and George J. Latchworth, against George W. Boyd, James R. Ratcliff, Prier Cates, William Younts and Samuel F. Wood, on a sheriff's bond executed by the said Boyd as principal, and by the other defendants as his sureties.

The complaint was in two paragraphs.

The first alleged a recovery of a judgment in the common pleas court of Fountain county, by the relators,

against one William Kreausch, the issuing of an execution on said judgment, and the delivery of such execution to the said Boyd, as sheriff of said county of Fountain, the levy by the said Boyd upon property of the said Kreausch, and the neglect and failure of the said Boyd to advertise and sell such property, or to otherwise make the money due on said execution.

The second paragraph alleged the recovery of a judgment, the issuing of an execution and placing it in the hands of the said Boyd, as sheriff, as set out in the first paragraph; that, at the time said execution came into the hands of the said Boyd, the said Kreausch was the owner of real and personal property of the value of six hundred dollars, but that the said Boyd failed to make a levy of said execution upon the property of the said Kreausch, and returned such execution unsatisfied.

The defendants answered in four paragraphs, but, as the fourth paragraph was held bad upon demurrer, we need not further notice it here.

The first paragraph was in general denial.

The second paragraph admitted the recovery of a judgment by the relators against Kreausch, the issuing of an execution upon said judgment, the placing of said execution in the hands of said Boyd, and the levy by the said Boyd on the property of Kreausch, and averred that said Boyd was proceeding to advertise and offer said property for sale, but was prevented from so advertising and offering said property by the relators' attorney, who ordered and directed the said Boyd not to advertise and offer said property for sale until further otherwise ordered. Wherefore it was by reason of the order of the relators' attorney, that said property was not advertised and sold.

The third paragraph also admitted the recovery of a judgment by the relators against Kreausch, the issuing of

an execution on said judgment, and that such execution came into the hands of the said Boyd, as sheriff of the said county of Fountain, and was levied upon the property of the said Kreausch, but averred, that, at the time said execution came into the said Boyd's hands, the said Kreausch was a resident householder and the head of a family, and demanded that he, the said Boyd, should have set off to him, the said Kreausch, an amount of property equal to three hundred dollars, presenting, at the same time, an inventory of his goods, rights, credits, etc., and a schedule and appraisement of his property as made and sworn to by two appraisers, duly selected and sworn for that purpose, by which it was shown that the said Kreausch was not worth three hundred dollars in property, said schedule and appraisement not amounting to that sum. Wherefore the said Boyd did not proceed to advertise and sell said property. A copy of which said schedule and appraisement was filed with said third paragraph, and marked as "Exhibit A."

The relators demurred separately to the second and third paragraphs of the answer, but their demurrer was overruled as to both of those paragraphs; and, refusing to reply further to said paragraphs, or to proceed further in the cause, final judgment was rendered in favor of the defendant.

Errors are assigned here in such a way as to raise only the questions of the sufficiency of the second and third paragraphs of the answer respectively.

The facts set up in the second paragraph of the answer might perhaps have been more compactly and more specifically stated, but we see no substantial objection to the sufficiency of that paragraph. The attorney of the plaintiff has the right to control the service of an execution by virtue of his original retainer, and both the plaintiff and his attorney may authorize the sheriff to depart from the

The State, *ex rel.* Share *et al., v.* Boyd *et al.*

regular and ordinary course of executing it.     Crocker Sheriffs, sec. 412.

In their discussion of the third paragraph of the answer, counsel for the appellant devote most of their time to objections to the schedule accompanying that paragraph, and treat it as if it were a part of the paragraph to which the demurrer below extended.

This court has, however, frequently decided, that the filing of a written instrument not the foundation of the action or defence, as an exhibit accompanying a pleading, does not thereby make such instrument a part of the pleading with which it is filed.     *Wilkinson* v. *The City of Peru,* 61 Ind. 1, and authorities there cited.

The schedule above referred to was not the foundation of the defence set up by the paragraph with which it was filed, but would only have been evidence tending to sustain that paragraph, if adjudged admissible by the court, over the objections urged by counsel.

The question of the sufficiency of the schedule, under the statute, was not, therefore, raised in the court below by the demurrer to the third paragraph of the answer, and is consequently not presented for our consideration in this court.

Although somewhat diffusely and inferentially stated, we construe this third paragraph, when considered independently of the schedule, to mean that the execution defendant, being a resident householder and the head of a family, demanded that three hundred dollars worth of his property should be set off to him as exempt from execution, presenting at the same time a schedule of his property, and that an appraisement of such property showed that it did not amount in value to three hundred dollars; whereupon it was all set apart to the said execution defendant as exempt from execution.

As thus construed, we think the paragraph in question

contained a good defence to the charge that the sheriff, Boyd, had wrongfully failed to advertise and sell the property of the execution defendant, levied on by such sheriff. *Douch* v. *Rahner,* 61 Ind. 64.

It is also objected that the second and third paragraphs of the answer were bad, because they purported to answer the whole complaint, while, in reality, they were only answers to the first paragraph of the complaint; but we are of the opinion, that, though informally pleaded, the facts alleged in both of said paragraphs of the answer constituted a substantial defence to both paragraphs of the complaint, as the gist of both of those latter paragraphs was the failure to make the money due upon the execution, out of the property of Kreausch.

We see no sufficient reason for reversing the judgment below.

The judgment is affirmed, at the costs of the relators of the appellant.