Filed October 18, 1883.

No. 10,509.

OVER ET AL. *v.* SHANNON ET AL.

| 91 | 99 |
| 146 | 597 |

SHERIFF'S SALE.—*Execution.*—*Exemption.*—Where an execution defendant claims real estate as exempt from execution in the manner required by statute, the sheriff can not make a valid sale thereof, by disregarding the claim of exemption and neglecting to have an appraisement of the property claimed as exempt, nor will the fact that perjury was committed in swearing to a false schedule give validity to such sale.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. S. Christian,* for appellants.
*W. Neal* and *J. F. Neal,* for appellees.

BICKNELL, C. C.—This was an action by the appellants against the appellees to recover the possession of a town lot and damages for its unlawful detention.

The defendants answered by a general denial.

Upon a trial by the court, without a jury, there was a finding for the defendants.

The plaintiffs moved for a new trial, alleging that the finding was contrary to the evidence and was not sustained by the evidence.

This motion was overruled; judgment was rendered upon the finding, and the plaintiffs appealed, assigning for error the overruling of the motion for a new trial. The plaintiffs showed a *prima facie* title, under a sheriff's deed to them, as purchasers upon an execution issued on a judgment in their favor against the defendant Smith D. Shannon.

The defendants claimed that the property was exempt from execution and sale under the statutes of 1852 and 1861. 2 R. S. 1876, p. 352.

The objections made by the appellants in their brief, to the sufficiency of the defendants' evidence, are that no real estate was mentioned in the schedule, and that, in the affidavit accompanying the schedule, the defendant Smith D. Shannon swore falsely, as appears by the record. But the bill of exceptions shows that the real estate levied on was mentioned in the schedule; that exemption was claimed before the sale; that the schedule contained first a list of twenty-one items of personal property, and then the following statement: "I claim the remainder of the $300 allowed to me by law, in lot number 2, block 3, in John J. Harrison's second addition to Cicero town, Hamilton county, Indiana, and ask that that amount in said lot be set off to me." The description of the real estate in this claim is the same as the description in the complaint of the land sought to be recovered. The claim for exemption nominated George Kreag an appraiser on behalf of the defendant Shannon, and concluded as follows:

"The articles number 1 to 21, inclusive, are those I demand exempt, and I swear that the foregoing inventory contains a full and true account of all my real estate within or without this State, money on hand or on deposit within or without this State, rights, credits and choses in action, and

all personal property of any description whatever belonging to me, or had and held by me, or in which I had any interest at the date of issuing said execution, to wit, on the 6th day of July, 1876.                    (Signed)   S. D. SHANNON.

"Sworn to before me this the 6th day of July, 1876.

"W. MAAL, Notary Public."

Following this affidavit is a sworn appraisement of the twenty-one items of personal property together, of the value of $96.65, as follows:

"We, George Kreag and Jacob Stack, the appraisers selected to appraise the property in the foregoing schedule, have been duly sworn, and, having examined said property, have appraised the several items at the sum set opposite thereto, and we swear that the same is a full fair cash value of the same, to the best of our judgment.

(Signed)  "GEORGE KREAG,
"JACOB STACK.

"Sworn to before me this 6th day of July, 1876.

"WM. MAAL, Notary Public."

The bill of exceptions also shows that Smith D. Shannon was a resident householder of the county. It thus appears that exemption was claimed substantially in accordance with the statutes in force at the time, not only of the personal property, but also of the real estate levied upon.

It does not appear that the real estate was appraised, but, upon such a claim made, it was the duty of the sheriff to appraise the real estate as well as the personalty. 2 R. S. 1876, p. 355, section 11; *Douch* v. *Rahner*, 61 Ind. 64.

The sheriff's failure to appraise the real estate did not affect the validity of the claim for exemption. 2 R. S. 1876, p. 355, sec. 11; *Douch* v. *Rahner, supra.*

The bill of exceptions also shows that the claimant for exemption had other real estate besides that mentioned in the schedule, but it has been decided that although the claimant own such other property, and be liable for perjury upon such a false statement in the affidavit, he is not thereby precluded

from claiming and holding the property levied on as exempt from execution. *Douch* v. *Rahner, supra.*

The appellant refers to *Over* v. *Shannon,* 75 Ind. 352, as decisive of this case, but there the ruling was, that an answer relying upon a claim for exemption is insufficient, unless it shows the filing of such a schedule as the law requires, What we now decide is, that when a claim for exemption is substantially in accordance with the statute, and the schedule is sworn to as the statute requires, the sheriff can not refuse to appraise and set apart the property on the ground of perjury in the affidavit. *Douch* v. *Rahner, supra;* and see *Boesker* v. *Pickett,* 81 Ind. 554; *Kelley* v. *McFadden,* 80 Ind. 536. The case of *Jones* v. *Kokomo Building Association,* 77 Ind. 340, cited by the appellant, did not involve the questions made in this case. There was no error in overruling the motions for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

