[No. 754. Decided February 7, 1893.]

DAVID MURRAY, *Appellant*, v. A. A. MEADE, *Respondent*.

NON-SUIT—SUBROGATION—PAYMENT OF JUDGMENT BY SURETY—
ATTORNEYS—AUTHORITY TO DIRECT SHERIFF.

Where there is a variance between the proof and the complaint in an action, the proof having been received without objection, the court should, upon a motion for a non-suit, consider the complaint amended to correspond with the facts proven.

Where, after the levy of execution upon the property of a judgment debtor sufficient to satisfy the judgment against him, the judgment and costs are paid by a surety of the judgment debtor, who takes an assignment of all rights of the plaintiff under such judgment and execution, the surety does not stand in the position of a volunteer, but is subrogated to the plaintiff's rights.

Where, after levy of execution, the sheriff is informed that the judgment has been assigned, and is directed in writing by the execution plaintiff and his assignee to proceed with the execution for the benefit of the assignee, the sheriff is liable in damages for releasing the property upon the subsequent direction of the attorney of the execution plaintiff.

*Appeal from Superior Court, Kittitas County.*

*Pruyn & Ready*, for appellant.

*H. J. Snively*, for respondent.

The opinion of the court was delivered by

Stiles, J.—One Louden having commenced an action in the superior court of Kittitas county against Randall and Carruthers, partners, caused an attachment to be issued and levied upon certain personal property. Thereafter the plaintiff in this action, with another, executed and delivered to the sheriff a forthcoming bond, and the property was returned to the judgment debtors.

After obtaining his judgment Louden issued an execution which was delivered to the sheriff, who was defendant in this action, and the sheriff levied upon property of the judgment defendants sufficient to pay the amount named in the execution. While the property levied upon was in the hands of defendant under the execution, the plaintiff paid into the hands of Louden the sum of $437.47, which was the full amount of the judgment and costs then a lien upon the property in the hands of the sheriff. The plaintiff took from Louden a document reading as follows:

"Louden against Randall and Carruthers, to A. A. Meade: Please be directed and governed in all matters pertaining to the judgment and execution issued in this case, by the direction of David Murray and no one else."

This paper plaintiff delivered into the hands of the sheriff, together with one signed by himself, as follows:

"Louden against Randall *et al.* to sheriff A. A. Meade:

You will proceed to sell the property levied upon under the execution issued out in this cause and satisfy the judgment out of the property levied upon.''

The attorney for plaintiff, at the time that he delivered said notices to the sheriff, informed him of the transaction between Murray and Louden, and further directed the sheriff to proceed and sell the property levied upon and satisfy the execution.   Subsequently the sheriff, under the direction of the attorney for Louden in the original case, released the levy and returned the execution into court unsatisfied.   This action was brought against the sheriff for damages upon a false return, and the court below, after hearing the plaintiff's testimony, entered a non-suit.

The complaint contained the following allegation:

''5.  On the 27th day of April, 1891, plaintiff, as surety, paid the execution creditor, Louden, the full amount of the judgment and at once gave defendant sheriff immediate notice of that fact, which was also done by Louden, and defendant was required to proceed in all things further in the interest of this plaintiff, to retain the goods and expose them for sale.''

In the statement of facts we find the following, certified to by the court below as the proof introduced to sustain the foregoing allegation in the complaint:

''On the 24th day of April, 1891, the above named plaintiff in this case, to wit, David Murray, as surety on said bond, to release said writ of attachment so levied upon the goods and chattels of the said J. B. Randall as aforesaid, paid said George W. Louden, the plaintiff in said execution, the sum of four hundred and thirty-seven and $\frac{45}{100}$ dollars, said sum being the full amount of said judgment and costs rendered in said action, in consideration that the said George W. Louden, the plaintiff in said execution, would surrender to the said David Murray control over the judgment and execution in said cause of Louden against Randall and Carruthers, partners as the Ellensburgh Trading Company; that in consideration of

the payment of the said sum of four hundred and thirty-seven and $\frac{45}{100}$ dollars by the said plaintiff in this action, the said George W. Louden did surrender to the said David Murray control over said judgment and execution, and George W. Louden signed the following notice,'' etc.

There was, perhaps, a variation between this proof and the allegation of the complaint of the payment of the judgment, but it would appear that the evidence showing the facts to be as they are stated in the statement of facts was admitted without objection, and, therefore, upon a motion for a non-suit, the court ought to have considered the complaint amended to correspond with the facts proven. This suggestion does away with the point made by the respondent that the complaint did not state facts sufficient to constitute a cause of action.

The matters in controversy here are two. *First:* Did the transaction between Louden and Murray amount to an assignment of the judgment and execution to the latter? Upon the facts as stated, we are constrained to hold that they did. The respondent maintains that inasmuch as Murray was merely a surety, the moment that it is admitted that sufficient property of his principal has been levied upon to pay the judgment, the judgment was satisfied as against him; and that he had no further relation with the matter, and was a mere volunteer in paying any money to Louden. If the facts showed a mere voluntary payment, the general doctrine of the authorities might perhaps sustain the position taken. Freeman on Executions, § 269; *Mulford v. Estudillo*, 23 Cal. 95; *Howerton v. Sprague*, 64 N. C. 451. Still our statute, Code of Procedure, § 760, has this to say in cases of this kind: .

''When any defendant surety in a judgment or special bail or replevin, or surety in a delivery bond or replevin bond, or any person being surety in any bond whatever, has been or shall be compelled to pay any judgment, or any part thereof, or shall make any payment which is ap-

plied upon such judgment by reason of such suretyship, . . . so much of the judgment as remains unsatisfied may be prosecuted to execution for his use.''

Against this statute it is urged, however, that it is not the execution which is preserved for the benefit of the surety, but the judgment only — a refinement of the language of the statute which we do not think should be supported. If an execution has been issued and property levied on thereunder, we see no reason why the surety should not have the benefit of the levy.

The argument that, inasmuch as property sufficient has been levied upon to satisfy the judgment, the surety can have no interest in paying off the judgment, and therefore should be treated merely as an intermeddler if he does so, is not well sustained. It may be that the surety, through mere friendly feeling for the judgment debtor, may desire to postpone for a lawful time the sale under the execution, in order to give the debtor an opportunity to save his property from sacrifice, and that alone would be a sufficient motive for his paying the creditor the full amount of the judgment and having himself subrogated in the place of the creditor, a thing which he might not do at all if immediately upon his payment the execution were necessarily to lapse, since there might be in the hands of the officer other subsequent executions which would thereby obtain priority and perhaps cause the loss of all that he had paid. However this may be, as was before stated, it is our view that the facts of the transaction between Louden and Murray constitute an assignment from the former to the latter of all his rights under the judgment in execution, and that when notice of this transfer had been given to the sheriff he was bound to proceed with the execution as directed by Murray.

This must be so unless the next point made by the respondent is well taken, viz., that the sheriff was justified,

after he had received the notices from Louden and Murray, in obeying the direction of Louden's attorney to return the execution unsatisfied.

The authority of an attorney over an execution issued in a case wherein he has obtained a judgment extends, beyond a doubt, to the control of the execution; but it is not he alone that may control the execution. The cases cited by respondent (*State, ex rel. Share, v. Boyd*, 63 Ind. 428, and *Read v. French*, 28 N. Y. 293) are cases where the attorney's control of an execution had been exercised without any interference on the part of the execution plaintiff; and it may be that in New York an attorney has a larger measure of control of an execution than elsewhere, since in that state the attorney himself issues the execution without resort to the formal act of the clerk of the court. This appears from the case cited. But in the Indiana case it is said:

"The attorney of the plaintiff has the right to control the service of an execution by virtue of his original retainer, and both the plaintiff and his attorney may authorize the sheriff to depart from the regular and ordinary course of executing it."

That both attorney and client may direct the sheriff is sustained by Crocker on Sheriffs, § 412, and numerous cases there cited. In a case like the one at bar, where the sheriff is informed that the judgment has been assigned, and is directed by the execution plaintiff and his assignee in writing to proceed with the execution for the benefit of the assignee, and these directions remain unrevoked, whatever may be the authority of the attorney of the plaintiff before the assignment, the sheriff should not be excused when he so far departs from his instructions as to release the property in his hands and return the execution unsatisfied. A client, unless the attorney has some interest in the judgment more than that involved in the making of the money

upon an execution for the benefit of his client, has a right to control both his attorney and the sheriff.

The judgment is reversed, and the cause remanded for a new trial in accordance with this opinion.

DUNBAR, C. J., and HOYT, ANDERS and SCOTT, JJ., concur.