[No. 4008. Decided December 6, 1901.]

W. E. MEEK, *Respondent,* v. HARRY WHITE, *Appellant.*

LIMITATION OF ACTIONS — ABSENCE FROM STATE — PLEADING.

Under Bal. Code, § 4808, which suspends the running of the statute of limitations during defendant's absence from the state, where an allegation of non-residence of the defendant is denied in the answer and an affirmative defense set up that defendant was a resident during all the time from the incurring of liability up to the commencement of the action, an issue of fact is raised by such answer, and the sustaining of a demurrer thereto is erroneous.

Appeal from Superior Court, King County.—Hon. FRANK H. RUDKIN, Judge. Reversed.

*John E. Humphries* and *Harrison Bostwick,* for appellant.

*Lee De Vries,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The complaint alleges that on the 6th day of October, 1893, plaintiff's assignor recovered judgment against the defendant for the sum of $1,443.77 and costs. Other sufficient allegations were made, and subdivision 3 of the complaint alleged "that for more than three years last past the said defendant, Harry White,

has removed from and has resided out of the state of Washington, and that the place of residence and abode of said defendant was not, and during all of said time has not been, known to this plaintiff." Defendant demurred to the complaint, to the effect, among other things, that the action had not been commenced within the time limited by law. The demurrer was overruled, and defendant answered; and by way of affirmative defense the answer alleges that for more than ten years last past, continuously, defendant had been a resident of King county, state of Washington, and had continuously resided in said county. The plaintiff interposed a demurrer to this answer, to the effect that it did not state facts sufficient to constitute a defense to the complaint, which demurrer was sustained by the court. Judgment on the pleadings was afterwards rendered in favor of plaintiff, from which judgment this appeal is taken.

Plaintiff's demurrer to the answer was doubtless sustained on the theory that domestic judgments did not fall within the statute of limitations, as prescribed by § 4798, Bal. Code. We have lately decided, in *Crawfordsville National Bank v. Lucas, ante,* p. 417 (67 Pac. 252), that the statute embraced domestic as well as other judgments. But the allegation in the complaint that for more than three years last past the defendant has removed from and has resided out of the state of Washington, and that the place of residence of said defendant was not, and during all of said time has not been, known to this plaintiff, if true, removes the case from the operation of the statute. Section 4808, Bal. Code, provides:

"If the cause of action shall accrue against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited after the return of such person into

the state, or after the time of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

This section was construed by this court in *Bignold v. Carr,* 24 Wash. 413 (64 Pac. 519), where it was held that the statute would not run during the time the plaintiff was incapacitated from bringing the action by reason of the absence of the defendant. See, also, *Denny v. Sayward,* 10 Wash. 422 (39 Pac. 119).

This allegation of nonresidence on the part of the defendant having been denied by the defendant, and there being an affirmative allegation that he was a resident during all the time from the entry of the judgment up to the commencement of the action, an issue of fact is raised, which should be tried out by the court; and the court therefore erred in sustaining the demurrer to the answer. The judgment will therefore be reversed, with instructions to the lower court to try the issues made by the pleadings.

REAVIS, C. J., and FULLERTON, ANDERS, MOUNT, WHITE and HADLEY, JJ., concur.