[No. 3902. Decided March 20, 1902.]

ISAAC CATHCART, *Respondent,* v. WILLIAM J. BRYANT, *Appellant.*

APPEAL — EXCEPTIONS TO FINDINGS.

Exceptions to findings of fact are only necessary in case a review of such findings is sought on appeal.

SAME — BRIEFS — RULE REQUIRING FINDINGS TO BE PRINTED.

Rule 8 of the supreme court, which requires findings of fact and conclusions of law to be printed in the appellant's brief, does not contemplate the printing of such findings and conclusions when no question is sought to be raised thereon.

SUBROGATION — ACTION BY SURETY — LIMITATIONS.

Where a surety upon a bond pays a judgment against the principal debtor and himself, an action by him against his principal to recover the amount of the judgment cannot be maintained after the expiration of six years from the date of its entry, since the judgment creditor would be barred, and the surety would have no greater rights by subrogation than the judgment creditor had.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Preston, Carr & Gilman,* for appellant.

*H. B. Huntley,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent, who was plaintiff below, alleges in his complaint, which was filed on May 15, 1900, that one R. V. Tompkins, on October 22, 1892, in the superior court of Snohomish county, duly recovered a judgment against the appellant and respondent and one E. C. Ferguson for the sum of $980.18, with interest and costs, which judgment was recovered upon a certain replevin bond in which the appellant was principal and the respondent and Ferguson were sureties. The complaint further alleges that the appellant neglected to pay or satisfy the judgment, and that execution was issued thereon and the respondent's property levied upon to satisfy the same, whereupon he was obliged to pay, and did pay, the judgment with interest and costs, amounting to the sum of $1,388.50; that he paid the judgment on November 15, 1892, and that the appellant, though often requested to do so, had not reimbursed him therefor. The appellant demurred to the complaint, on the ground that the action had not been commenced within the time limited by law; which demurrer being overruled, he answered, denying that the respondent was a surety, or that he had paid the judgment, and pleading affirmatively the statute of limitations. A demurrer was sustained to the affirmative plea, and the action was tried by the court without a jury on the issues made by the denials in the answer. The court found the facts substantially as alleged in the complaint, and entered judgment for the respondent. This appeal is from that judgment.

The respondent moves to dismiss the appeal, for the reason that no exceptions were taken to the findings of

fact, and the further reason that the findings of fact and conclusions of law are not printed in the appellant's brief. Neither of these grounds are tenable. On the findings of fact the appellant makes no contention here; on the contrary, he concedes that the court correctly found the facts. As he asks no review of these findings, it was not necessary that he except thereto; and for the same reason he was not obliged to print them in his brief in order to have the questions of law the record suggests reviewed by this court. Rule 8 requires the findings and conclusions to be printed only in those cases where some question is sought to be raised thereon on the appeal.

The record presents but a single question: Was the right to maintain an action upon the claim sued upon barred by the statute of limitations? The appellant contends that it was so barred, for two reasons: (1) That the respondent's cause of action was not upon the judgment, but upon the implied promise of his principal to repay the amount which he, as surety, was compelled to pay on the judgment, and that he was, therefore, but a simple contract creditor, and his right of action was barred after a lapse of three years from the time the payment was made; and (2) that, if he was by the payment subrogated to the rights of the judgment creditor in the judgment, the judgment creditor's right to an action on the judgment was barred by the statute after a lapse of six years from the date of its entry; and the respondent, having no greater interest therein, was likewise barred from maintaining an action thereon after the lapse of that time. The first position, in so far as it maintains that a surety in a judgment, by paying the same, is relegated to the position of a simple contract creditor of his principal, is seemingly in conflict with

the statute on that subject (§ 5709, Ballinger) and the decision of this court in the case of *Murray v. Meade,* 5 Wash. 693 (32 Pac. 780), where the construction of the statute was in question.   But, be this as it may, it is clear that even if it be conceded that the respondent, by paying the judgment, was subrogated to the rights of his principal therein, the right of action was barred on the second ground stated.   By being subrogated to the rights of his judgment creditor, the appellant could acquire no greater rights in the judgment than his judgment creditor had therein, and we held in the recent case of *Citizens' National Bank v. Lucas,* 26 Wash. 417 (67 Pac. 252), where the question is fully discussed, that a judgment creditor could not maintain an action upon a judgment after the lapse of six years from the date of its entry.   As more than six years elapsed between the time of the entry of the judgment sued upon and time of the commencement of this action, and, as this fact appeared on the face of the complaint, the demurrer thereto should have been sustained.   The judgment appealed from is, therefore, reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint, and to enter judgment for the appellant to the effect that the respondent take nothing by his action.

REAVIS, C. J., and HADLEY, DUNBAR, WHITE and MOUNT, JJ., concur.

ANDERS, J., concurs in the result.