[No. 4638. Decided December 29, 1903.]

M. L. BUTLER, *Respondent,* v. JOE CARVIN et al., *Appellants.*[1]

DEED—FRAUD—UNDUE INFLUENCE—LIFE ESTATE—PLEADINGS—VARIANCE—FINDINGS OUTSIDE THE ISSUES. In an action to set aside a deed absolute on its face upon the ground of undue influence and coercion, in which the answer and the reply raise the further question whether the deed was intended as a mortgage to secure repayment of advances, a finding of fact that the deed was given under an agreement that the grantor should retain a life estate in the premises is not warranted by the issues presented or tried, and the variance is not such as is obviated by an amendment deemed to have been made.

SAME—INCONSISTENT FINDINGS. In such an action, the finding that the grantor retained a life estate is inconsistent with a finding that the deed conveying a fee simple was voluntarily executed without any threats or coercion and with full knowledge of its purport, and is not warranted by evidence tending to show that the deed was given on account of large advances made, and that the parties contemplated living together on the property.

SAME—DEED INTENDED AS A MORTGAGE — PLEADING — ISSUES RAISED BY ANSWER AND REPLY—FORECLOSURE. In an action to set

[1]Reported in 74 Pac. 813.

aside a deed upon the ground of undue influence and coercion, where the answer alleges that the conveyance was made to defendants in consideration of money loaned to plaintiff to pay the purchase price and improve the property, and prays that if the deed be construed as a mortgage, the amount due be ascertained and the same be foreclosed, and issue is joined thereon by the reply, a decree of foreclosure is within the issues, and should be awarded where the evidence justifies such conclusion.

SAME—EVIDENCE—ADMISSION IN BRIEF. Where the appellants' brief shows a willingness to treat their absolute deed as a mortgage, foreclosure thereof will be decreed by the supreme court, although the evidence tends to show an absolute deed between members of a family, made to discharge an equity for large advances on the purchase price and improvements, and that the parties had contemplated living together on the property, but failed to agree.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered December 2, 1902, upon findings in favor of the plaintiff, after a trial before the court without a jury, granting plaintiff a life estate in the premises in controversy. Reversed.

*Ellis & Fletcher*, for appellant.

*A. A. Knight* and *W. McB. Perrin*, for respondent.

PER CURIAM.—This was a civil action instituted in the superior court of Pierce county by M. L. Butler, respondent, against Joe Carvin and Augusta Carvin, his wife, appellants, to set aside and cancel of record a certain deed, executed by respondent to appellant Joe Carvin on the 10th day of May, 1902, of lot 5, block 7524, in the city of Tacoma.    The complaint alleges respondent's invalidism, her weakness of body and mind, and ignorance of business, all of which was well known to appellants; that, about the latter part of April, 1902, the appellants demanded of respondent a conveyance of the lot in controversy for moneys furnished to her son on conditions unknown to respondent,

for which she was in nowise responsible, with the intention of fraudulently obtaining the title in fee to such lot (then owned and possessed by her) for appellants' use and benefit; that, in pursuance of such fraudulent representations, she conveyed such premises to appellant Joe Carvin, without consideration; that respondent was influenced and coerced by appellant Joe Carvin to execute this deed on May 10, 1902.

Appellants, by their answer, put in issue the material allegations of the complaint. For an affirmative defense they allege, that on or about the 9th day of January, 1901, respondent and her son, W. H. Lord, purchased of J. W. Richardson the premises in question, respondent paying on account of the purchase price $200, and her son, the sum of $350; that the title was taken in the name of respondent to be held by her jointly for herself and son; that, at the time of said purchase, there was a small frame house on this lot, scarcely fit for occupation; that respondent and her son, desiring to improve such dwelling, but not having the money for that purpose, applied to appellant Joe Carvin, a nephew of respondent and cousin of W. H. Lord, to loan them such moneys as should be required from time to time, for the purpose of rebuilding said premises, furnishing the same, paying taxes, etc., and generally such as might be necessary in fitting the same up as they should desire, and further to supply respondent with moneys for her support; that the moneys so furnished and advanced to respondent amounted, on the 10th day of May, 1902, to $1,239.42; that, at said time, respondent and her son, finding the amount large and being unable to repay the same, agreed to convey the premises in satisfaction thereof, and the respondent thereupon did, with the advice, knowledge, and consent of her son, convey said premises to the respondent Joe Carvin, by warranty deed, which was duly record-

ed; that, from about the 15th day of April till the 15th day of June, 1902, appellant and respondent occupied the premises as a home, but at that time disagreements arose between the parties about a certain male associate of respondent, and appellants because thereof removed from the premises, leaving the same in the possession of the respondent, and that respondent has ever since remained in possession of such property; that, since the execution of this deed, appellant Joe Carvin expended additional sums in and about the improvement of the premises, amounting to $188.50; and that no part of the above sums have ever been repaid to appellants. Appellants prayed that the fee simple title to this real estate be established in Joe Carvin; that, if after a full hearing the court should be of the opinion that such deed was in effect a mortgage, that the court find the amount due, and that said deed be foreclosed as a mortgage.

Respondent in her reply denies all the material allegations of the affirmative answer, asks judgment as prayed for in her complaint, and then proceeds to state, that if, after fully hearing all the evidence and proofs produced herein, the court should reach the conclusion that the deed executed by this plaintiff to Joe Carvin should not be declared null and void, but that the instrument was given for security for any indebtedness for which respondent was legally and equitably responsible to Joe Carvin, then this court should ascertain the amount of respondent's indebtedness to him (Carvin), and make such decree as shall be just and equitable to the parties to the action. The appellants requested the trial court to make certain findings of fact and conclusions of law, which requests were denied. Appellants excepted to each refusal. The following findings were made by the court:

"(3)   The court finds that there were not any threats, coercion, fraud, intimidation, or undue influence in the execution of said deed, but that said deed was executed freely and voluntarily by the plaintiff [respondent], with full knowledge of its purport on her part.   (4)   That said deed was not given to secure any definite sum of money, but in recognition of an equity which the defendant Joe Carvin had in the premises, by reason of having contributed so much to its value.   (5)   That, as a part of the consideration and as an inducement to the making of said deed, it was the contemplation of the parties and the agreement and understanding that the plaintiff should have the right to occupy said premises for a home as long as she should live, or so long as she should continue to occupy the same as a home."

On the findings, the superior court stated three conclusions of law:

"(1)   That the deed from the plaintiff, M. L. Butler, to the defendant Joe Carvin should be confirmed as an absolute conveyance of said property.   (2)   That the said deed should be modified to the extent that said conveyance is subject to a life use of said premises, for a home for said plaintiff during her natural life, or so long as she shall occupy the same as a home for herself, plaintiff to have the absolute and exclusive control of said property for her own use and occupancy; and, in case her abandoning said property as a home, or in the event of her death, full control and right of possession to at once revert to defendant Joe Carvin.   (3)   That the defendant shall have the right to enter said premises for the purpose of examining the same and making repairs, and for the prevention of waste."

Appellants excepted to the 4th and 5th findings, and to the 2nd conclusion of law.   Judgment was entered by the trial court in conformity to such findings and conclusions; from which judgment, defendants Joe Carvin and Augusta Carvin appeal to this court.

The principal contention presented by appellants' counsel at the bar of this court is that the judgment was not warranted by the pleadings and evidence. The superior court having found that appellants used no fraud, misrepresentations, or coercion in procuring the deed from respondent, who had full knowledge of its purport and effect, it is difficult to conceive how, under the well settled principles of legal and equitable jurisprudence, the trial court felt warranted in carving out a life estate, in favor of respondent grantor, in this real estate. The third finding of fact negatives all the allegations of the complaint as to any fraud, coercion, intimidation, or undue influence having been practiced or resorted to by appellants in order to procure such conveyance from respondent. It is a well established principle of law that the nature of the cause of action, in so far as affirmative relief on the part of the plaintiff is concerned, is determined by the allegations of the complaint, or the first pleading in the suit. Mr. Pomeroy, in Code Remedies, §§ 553, 554 (3d ed.), says:

"In these statutory provisions the doctrine that the proofs must correspond with the allegations is, in a somewhat modified form, united with the subject of amendment, by which the minor grades of the variance may be obviated. . , . Finally, if the divergence is total, that is, if it extends to such an important fact, or group of facts, that the cause of action or defense as proved would be another than that set up in the pleadings, there is plainly no room for amendment, and a dismissal of the complaint or rejection of the defense is the only equitable result."

This court held in *Murray v. Meade,* 5 Wash. 693, 32 Pac. 780, that where there is a variance between the pleadings and evidence, but the evidence is admitted without objection, on motion for a nonsuit, the court ought to consider the complaint amended to correspond to the proofs. To

the same effect see *Brayton v. Jones*, 5 Wis. 117, and Dixon's note, Appendix, at page 627.

In view of the allegations of the complaint, the evidence, the above finding No. 3, and conclusion of law No. 1, above noted, we are of the opinion that the learned trial court erred, after having fully confirmed the validity of this warranty deed from respondent to appellant Joe Carvin, which in form conveyed the fee simple title to the grantee, in then proceeding by other findings and conclusions of law to declare that the grantor had a life interest and right of possession in this realty, according to some agreement or understanding had between the parties to the instrument at or about the time of its execution. This latter, if true, under issues properly tendered, would have required a reformation of the deed. The deed could not be upheld as an absolute conveyance and at the same time be charged with a life estate in favor of the respondent. These findings are manifestly inconsistent and cannot be sustained by the rules of law or principles of equitable jurisprudence applicable to the facts presented by the record in this case. We have no doubt that the learned judge who tried the cause, prompted by a strong desire to do justice in a disagreeable family controversy, endeavored to do equity between the respondent and Joe Carvin, but that he erred in going beyond the scope of the issues formulated by the pleadings and the evidence and in decreeing a new contract between the parties. This the trial court had no right to do.

We now come to a consideration of the mortgage feature of the transaction, under the fourth finding of fact. According to the allegations of the answer and reply, as well as the evidence, it was competent and proper for the trial court to consider and pass upon that feature, but the finding is indefinite in not stating the value of Joe Cavin's

equity in the property.   The evidence discloses that re-
spondent was weak in body, somewhat infirm in mind,
unused to business methods, and trusted to her son and
one Lincoln for advice in her affairs.   Respondent denies
that she consulted with Joe Carvin about her business mat-
ters, but it appears that she allowed her nephew, whom she
raised from childhood as one of the family, to make con-
tributions and advancements towards securing and improv-
ing this property as a home, jointly for the use and benefit
of herself and appellants; that, shortly after the execution
of this deed, these parties, while being upon the premises,
quarreled about a male boarder, a friend of respondent,
living there, and this caused appellants to remove there-
from.   After taking into consideration the whole testi-
mony, in connection with the new matter set up in the
answer, the response thereto in the reply, and the willing-
ness expressed in appellants' brief to reconvey the prop-
erty to respondent, on condition that appellant Joe Carvin
be reimbursed for the moneys expended, together with the
fact that we think the evidence fully justifies such a con-
clusion, we have concluded to treat this deed from respond-
ent to Joe Carvin as a mortgage, and to direct its fore-
closure as such.

The judgment of the trial court, therefore, will be re-
versed, and the case remanded, with directions that an
accounting be had between the parties as to the items of
expenditures and advances made by Joe Carvin to re-
spondent for her use and benefit with reference to this
property and transaction; that, on such accounting, what-
ever balance may be found due from respondent to appel-
lant Joe Carvin shall be declared a valid lien against said
premises, and in default of payment within a time to be
named by the court, the property shall be sold, as upon
mortgage foreclosure proceedings, in the manner prescribed

by law; that, on the further hearing of this cause, the parties shall be allowed to amend their pleadings, and introduce other and additional evidence, as they shall be advised.

We express no opinion, at this time, as to the legality or equity of the numerous items of expenditure and advancements, set up in the answer and bill of particulars of appellants, now appearing in this record. Such matters will more properly arise and be presented at the final hearing, to be passed on and determined by the trial court. Neither party will recover costs on this appeal.