[No. 7314.   Decided October 3, 1908.]

## LILLY-BRACKETT COMPANY, *Respondent*, v. AMADAUS H. SONNEMANN, *Appellant*.[1]

CORPORATIONS—ACTIONS—BY FOREIGN CORPORATION—LICENSE FEES —DOING BUSINESS. Bal. Code, § 5149, providing that no corporation shall commence any action in this state without alleging and proving that it has paid its annual license fee, refers only to corporations doing business in this state, and does not apply to a nonresident corporation simply bringing an action in this state, as that does not constitute doing business here.

JUDGMENTS—ACTIONS ON—LIMITATIONS—DURATION OF LIEN—STATUTES—CONSTRUCTION. Bal. Code, § 5149, providing that no suit or proceeding shall ever be had on any judgment rendered in this state by which the lien or duration thereof shall be extended or continued in force for any greater period than six years from its date, does not prohibit actions on domestic judgments, which under Bal Code, § 4798, may be commenced within six years.

[1]Reported in 97 Pac. 505.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 17, 1907, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action upon a judgment. Affirmed.

*O. C. Moore*, for appellant.

*Post, Avery & Higgins*, for respondent.

Mount, J.—This action was brought by the respondent to recover against the appellant upon a judgment, alleged to have been entered in favor of the respondent and against appellant, in the state of Massachusetts, upon personal service and personal appearance by the appellant in that state. Appellant interposed a general demurrer to the complaint. This demurrer was overruled, and appellant then answered, denying generally the allegations of the complaint upon information and belief. Thereafter the cause came on for trial to the court without a jury. Appellant objected to the introduction of any evidence, upon the ground that the complaint failed to state a cause of action. This objection was overruled, and a certified copy of the judgment roll of the Massachusetts court was received in evidence. Appellant offered no evidence. Thereupon findings and a judgment were entered against appellant as prayed for in the complaint. Defendant appeals, and relies upon two points: (1) that there is no allegation or proof that the respondent corporation had paid its annual license fee; (2) that since there is no allegation or proof respecting the force and effect of the judgment rendered in Massachusetts, it is not actionable in this state, under the provisions of Bal. Code, § 5149 (P. C. § 283).

The first point is based upon the statute of 1907, which provides that, "No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state without alleging and proving that it has paid its annual license fee last due." Laws 1907, p. 271. It

nowhere appears that the respondent corporation is doing business in this state, or that its articles of incorporation are on file in the office of the secretary of state, or that it is required to pay an annual license fee. The mere bringing of an action in this state does not constitute doing business in the state, so as to require a foreign corporation to pay an annual license fee. *Marble Savings Bank v. Williams*, 23 Wash. 766, 63 Pac. 511. The provision above quoted refers only to corporations "doing business in this state," as shown by the title of the act. It was therefore not necessary to allege or prove the payment of an annual license fee.

The position of appellant upon the second point is stated in his brief as follows:

"No suit or action could be maintained on a Washington judgment of the date of the one on which the present action is based. No evidence having been introduced or offered to show that a suit could have been maintained in Massachusetts on the judgment on which it is sought to prosecute the present action, the presumption arises that the laws of that state touching such matters are identical with those of Washington, and hence no action could be maintained on said judgment in the state of Massachusetts."

The judgment sued upon was rendered on January 1, 1906. The appellant claims, if we understand him correctly, that no action can be maintained in this state upon a domestic judgment, because of Bal. Code, § 5149, which provides as follows:

"No suit, action, or other proceedings shall ever be had on any judgment rendered in the state of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment."

This section does not prohibit actions on domestic judgments. It means what it says, viz., that the lien shall not be extended longer than six years. There is no prohibition against an action upon a judgment or to establish the lien.

Section 4798 (P. C. § 281), provides, "that an action upon a judgment or decree of any court in any state may be commenced within six years." It was held in *Citizens Nat. Bank v. Lucas*, 26 Wash. 417, 67 Pac. 252, 90 Am. St. 748, 56 L. R. A. 812, that this section applies to domestic judgments. See, also, *Shephard v. Gove*, 26 Wash. 452, 67 Pac. 256; *Meek v. White*, 26 Wash. 491, 67 Pac. 256; *Cathcart v. Bryant*, 28 Wash. 31, 68 Pac. 171. If appellant's contention is correct, that it will be presumed that the laws of Massachusetts are the same as the laws of this state, it follows that the action may be maintained in Massachusetts because it may be maintained in this state.

The judgment was right, and must therefore be affirmed.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.