Civil action tried upon these issues:
1. Did defendant negligently burn the property of M. C. Korengay, as alleged in the complaint? Answer: Yes.
2. If so, did M. C. Kornegay sue defendant Atlantic Coast Line Railroad Company for the total loss suffered by him through said negligent burning, after the payment to him by each of the plaintiffs of the amount of the policies of insurance held by him, as alleged in the complaint? Answer: Yes.
3. Did M. C. Kornegay, the insured, recover judgment in said action against the said railroad company after the payment to him by said insurance companies for the full amount of the damage to his property? Answer: No.
4. Did said M. C. Kornegay, the insured, recover judgment in said action against said railroad company for the loss covered by said policies of insurance mentioned in the complaint? Answer: No.
5. Was said judgment paid by said Atlantic Coast Line Railroad Company to said M. C. Kornegay, plaintiff in said action, after the commencement of this action? Answer: Yes. *Page 144 
(138) 6. Was this action begun more than three years after said property was so destroyed by said Atlantic Coast Line Railroad Company? Answer: Yes.
7. Was this action begun within three years after the payment to said M. C. Kornegay by said insurance company of the loss covered by said policies? Answer: Yes.
8. What was the value of the property of said M. C. Kornegay destroyed by the fire alleged? Answer: $2,854.57.
The court rendered judgment against the defendant in favor of the two insurance companies, plaintiffs, and the defendant appealed.
Upon the coming in of the verdict, the jury having found, what was practically admitted, that this action was begun more than three years after the property was destroyed by the defendant, the latter tendered the judgment set out in the record, that the plaintiffs recover nothing, and that the defendant go without day and recover costs. The court declined to sign such judgment, and the defendant duly excepted and assigns error accordingly. In this there was error, as the cause of action was barred by the statute of limitations.
The standard policy of fire insurance contains this clause: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment."
From the terms of the contract of insurance between the plaintiffs and Kornegay, it is plain that the plaintiffs' claim is based solely and exclusively on the right of subrogation.
While an insurer, who has paid a loss to the insured, is subrogated to the rights of the latter, as against tort feasors responsible for the destruction of the property insured, yet the underwriter does not and cannot acquire by subrogation any rights which the assured himself could not enforce.
(139) There is no privity or legal relation between the insurer and the tort feasor, and every right the former can possibly acquire must come through the insured and is subject to every defense and limitation which could be interposed against the owner of the property. The rights of the underwriter cannot be greater nor different from those of *Page 145 
the insured. This appears to be well established by all the authorities. 27 A. and E., 263; 37 Cyc., 385.
Subrogation involves the idea of a right existing in one person, with which another person under certain circumstances is clothed, and it necessarily follows that the rights of the adversary party are neither increased nor diminished thereby.
Chief Justice Cooley in discussing this question in Perrott v. Shearer17 Mich. 48, says: "He (the tort feasor) has no concern with any contract the plaintiff may have with any other party in regard to the goods and his rights or liabilities can neither be increased nor diminished by the fact that such a contract exists."
Therefore, it is held that an insurance company, which is compelled to pay a loss caused by fire set out by the negligence of a railroad companyafter the owner has collected its value from the railroad company, cannot maintain an action against the railroad company to compel it to make good its loss. Ill. Central Ry. Co., v. Hicklin, 23 L.R.A., N.S., 870
The rights of the insured and the relations of the insurer to the third person, who cause the loss, are elaborately discussed by Mr. JusticeGray in Insurance to. v. Erie Trans. Co., 117 U.S. 320. The learned judge say:
"When goods insured are totally lost, actually or constructively, by perils insured against, the insurer, upon payment of the loss, doubtless becomes subrogated to all the assured's rights of action against third persons who have caused or are responsible for the loss.
"No express stipulation in the policy of insurance, or abandonment by the insured, is necessary to perfect the title of the insurer. From the very nature of the contract of insurance, as a contract of indemnity, the insurer, when he has paid to the assured he (140) amount of the indemnity agreed upon between them, is entitled by way of salvage to the benefit of anything that may be received, either from the remnants of the goods or from damages paid by third persons for the same loss.
"But the insurer stands in no relation of contract or privity with such persons. His title arises out of the contract of insurance, and is derived from the insured alone, and can only be enforced in the rights of the latter.
In a court of common law, it can only be asserted in his name, and even in a court of equity or admiralty it can only be asserted in his right. In any form of remedy the insurer can take nothing by subrogation but the rights of the assured.
"That the right of the assured to recover damages against a third person is not incident to the property in the thing assured, is clearly shown *Page 146 
by the fact that the insurer acquires a beneficial interest in that right of action, in proportion to the sum paid by him, not only in the case of a total loss, but likewise in case of a partial loss, and when no interest in the property is abandoned or accrues to him." Comeys v. Vasse, 1 Peters, 193; Fretz v. Bull, 12 How., 466; The Monticello, 17 How., 152; Garrison v.Memphis, 19 How., 312; Hall v. R. R., 13 Wall., 367; The Potomac,105 U.S. 630; Mobile Ry. v. Jurey, 111 U.S. 584; Clark v. Wilson,103 Mass. 219; Simpson v. Thomson, 3 App. Cases, 279.
The learned justice proceeds further: "The right of action against another person, the equitable interest in which passes to the insurer, being only that which the assured has, it follows that if the assured has no such right of action, none passes to the insurer; and that if the assured's right of action is limited or restricted by lawful contract between him and the person sought to be made responsible for the loss, a suit by the insurer, in the right of the assured, is subject to like limitations and restrictions."
Applying these principles, it has been held that where one paid a mortgage debt and thereby became entitled to be subrogated to the rights of the mortgagee, the statute of limitations against the enforcement (141) of subrogation began to run from the maturity of the debt secured by the mortgage, and not from the date such person seeking subrogation paid the debt. Fullerton v. Bailey 17 Utah 85.
It has likewise been held that a surety subrogated to a judgment cannot maintain an action against his principal after the expiration of the time limited for bringing an action thereon by the original creditor.Cathcart v. Bryant, 28 Wn. 31.
And a surety on a judgment, who pays the judgment, must take steps to enforce his right of subrogation within the period prescribed as a limitation to the enforcement of simple contracts, for this merely equitable right will not be enforced at the expense of a legal one. 15 pa. Sup. Ct., 96.
In this case of Northwestern National Bank v. Great Falls Opera HouseCo., 23 Mont. 1, it is held that if the surety enforces contribution through the claim of the creditor, his right of action is barred when the creditor would be barred had he brought the suit, and not before.
It is useless to multiply authorities. It seems to be universally held that the right of subrogation, like other rights of action, is barred by failure to take steps to enforce it within the time prescribed by law for the enforcement of the right upon which the claim to be subrogated is based.
If that right of action is barred, it cannot be revived in favor of one who claims to be subrogated to it. The right of subrogation is an equitable right, and due diligence must be exercised in asserting it. *Page 147 
In a supplemental brief, the learned counsel for the plaintiff insist, quoting their language, that: "It appears in the record that the defendant company paid the insured, M. C. Kornegay, with full knowledge that these plaintiffs had made payments under their policies. This being so, it seems to us that this fraud enlarges the equity of this case, and unquestionably brings it within the ten-year statute of limitations. The fraud in his case is established by the pleadings and evidence, and is uncontradicted, and is the same as if the jury had answered an issue of fraud under instructions from the court, and the statute of limitations cannot avail one against whom an issue of fraud (142) is found. And so, when a defendant electing to set up the statute of limitations, previously by deception, or any violation of dutytoward plaintiff, has caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which equity will not allow him to hold."
It has been said that where the wrongdoer pays the insured with knowledge of the fact that the insurer has made a payment under the policy,it is a fraud upon the insurer, and will not protect the wrongdoer.Connecticut F. Ins. Co. v. Erie Ry. Co., 73 N.Y. 399; Allen v. Chicago Ry.Co., 94 Wis. 93. This principle, if it be well founded, has no application to this case.
There is no allegation, and not a scintilla of evidence, that the defendant paid Kornegay for the destruction of his property with any purpose to defraud the plaintiffs. The payment by the defendant was not voluntary, but at the end of a lawsuit wherein judgment had been pronounced against the defendant, and it had been compelled to pay.
Even then, according to the contention of plaintiffs in this case, Kornegay only recovered of defendant the difference between the value of the property destroyed and the insurance money. But if Kornegay had recovered of defendant the full value of his property, the plaintiffs would have only the right to hold Kornegay as a trustee for their benefit to the extent of the insurance money paid. They could not recover of the defendant.
It is well settled that the wrongdoer cannot be made to pay twice for the same property. When the insured obtains full satisfaction from the wrongdoer, he must account to the insurer. U.S. v. Am. Tobacco Co.,166 U.S. 468; 27 A. and E., 262; Assurance Co. v. Packbarn 92 Md. 464; Hartv. R. R., 54 Mass. 99; 19 Cyc., 891.
The judgment of the Superior Court is reversed, and the cause remanded with directions to enter the judgment tendered by defendant.
Reversed. *Page 148 
 Cited: Ins Co. v. Limber Co., 186 N.C. 270 (1g); Buckner v. Ins. Co.,209 N.C. 647 (1g).
(143)