[No. 20695.   Department One.   October 17, 1927.]

BLUEBIRD ELECTRIC SHOP, INCORPORATED, *Respondent*,
v. M. E. STALEY *et al., Appellants.*[1]

[1] JURY (19, 20)—RIGHT TO JURY TRIAL—DEMAND AND DEPOSIT—
WAIVER OF RIGHT. The right to a jury trial is waived where no
demand is made therefor or jury fee deposited, at the time the
case is set for trial, as required by Rem. Comp. Stat., § 316; and
upon granting a continuance upon allowing an amendment of
the complaint it is too late to demand a jury.

[2] APPEAL (389)—REVIEW—AMENDMENTS REGARDED AS MADE. In
the absence of a complete statement of facts showing the pro-
ceedings at the trial, the pleadings will, on appeal, be deemed
amended to conform to the proof, if an amendment was neces-
sary.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered December 6, 1926,
upon findings in favor of the plaintiff, in an action for
money had and received, after a trial to the court.
Affirmed.

*O. O. McLane,* for appellants.
*Earl V. Clifford,* for respondent.

FRENCH, J.—Respondent, at the present time a cor-
poration, had, for a number of years prior to the com-
mencement of this action, been operating an electric
shop in the city of Tacoma. A portion of the time, the
operation had been carried on by a partnership opera-
ting under the trade name "Bluebird Electric Shop";
a portion of the time, it was operated by a sole trader
under that name, and about a year prior to the com-
mencement of this action had been incorporated. The
name "Bluebird Electric Shop" had, however, been
used for all of its operations. The appellant, M. E.
Staley, was an employee of the Bluebird Electric Shop,

¹Reported in 259 Pac. 1084.

and during the time of his employment, the changes in ownership took place, the managing director and owner of the corporation being the same person who had, prior to the formation of the corporation, operated as sole trader, under the same name as the corporation thereafter assumed.

This action was commenced by the corporation to recover certain alleged overpayments which it claimed had been made to appellant. Appellants answered, denying the overpayments, and claimed a considerable sum of money was due for overtime. Thereafter, the case, by stipulation, came on for trial as a non-jury case, and on the hearing then had, the facts, as we have outlined them above, developed.

. . Respondent asked leave to amend, to show that all the assets and claims of the Bluebird Electric Shop while operating under the trade name had been properly assigned to the corporation. Appellant objected to the amendment, and an amendment being allowed, asked for a continuance, and for the first time demanded a jury trial. The continuance was granted, but a jury trial was refused by the lower court, and appellants' first assignment of error is the refusal of the court to grant a jury trial.

[1] Section 316, Rem. Comp. Stat. [P. C. § 8488], provides:

"In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by a jury. At the time of filing such statement such party shall also deposit with the clerk of the court twelve dollars, which deposit, in the event that the case is settled out of court prior to the time that such case is called to be heard upon the trial, shall be returned to such party by such

clerk. Unless such statement is filed and such deposit made, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court: *Provided,* That, in the superior courts of counties of the first class such parties shall serve and file such statement, in manner herein provided, at any time not later than two days before the time the case is called to be set for trial."

This statute has been construed many times by this court, and citation of authorities is unnecessary to show that, under circumstances such as we have detailed, a jury trial had been waived.

[2] Appellants also claim that respondent pleaded in its reply an accord and satisfaction. We are not satisfied that the pleadings entirely bear out appellants' contention. However, the statement of facts in this case only purports to cover the matters relating to the demand for a jury trial. It is therefore not certain what latitude the inquiry took, and the pleadings will be deemed amended to conform to the proof, if an amendment was necessary. *Murray v. Meade,* 5 Wash. 693, 32 Pac. 780; *Olson v. Snake River Valley R. Co.,* 22 Wash. 139, 60 Pac. 156; *Yamamoto v. Puget Sound Lumber Co.,* 84 Wash. 411, 146 Pac. 861.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.